No. 36,480

CECIL C. CREBS, *Petitioner,* v. R. H. HUDSPETH, as Warden of the Kansas State Penitentiary, *Respondent.*

(164 P. 2d 338)

Opinion filed December 8, 1945.

*Walter Biddle,* of Leavenworth, argued the cause for the petitioner.

*Leon W. Lundblade,* assistant attorney general, argued the cause, and *A. B. Mitchell,* attorney general, was on the briefs for the respondent.

The opinion of the court was delivered by

PARKER, J.: This case is here on another application for a writ of habeas corpus by C. C. Crebs, who is serving a sentence of life imprisonment in the Kansas State Penitentiary under a judgment of the district court of Seward county rendered on November 26, 1930, for the murder of Charles Doan, committed on November 18, 1930, in Liberal, Kan.

In explanation of our statement to the effect this is another proceeding instituted by C. C. Crebs for the purpose of obtaining his release from the penitentiary by habeas corpus and to the end that it may be apparent how many opportunities have been accorded the petitioner by the federal and state courts to present the contentions relied on by him as grounds for relief, we deem it necessary to refer, in chronological sequence, to the numerous proceedings in habeas corpus he has instituted for the purpose of accomplishing that result:

1. Case No. 35,087 was an original proceeding in this court and is reported as *Crebs v. Amrine,* 153 Kan. 736, 113 P. 2d 1084. In such proceeding petitioner was granted every opportunity to present the grounds upon which he based his right to the issuance of a writ. On his own application he was brought from the penitentiary at Lansing for the hearing of the case on its merits and permitted not only to testify as a witness but to appear as an attorney in his

own behalf. After a full and complete hearing the writ was denied for the reason that the grounds upon which the application was based were untenable and did not justify its issuance.

2. Petitioner next filed a motion for leave to file an original proceeding in habeas corpus in the Supreme Court of the United States. That motion was denied on November 10, 1941. (See *Crebs v. Amrine,* 314 U. S. 581, 86 L. Ed. 470.)

3. Shortly he requested and was granted permission to file another proceeding in this court. The case was docketed as No. 35,495. His application for a writ was considered and denied by written order on December 11, 1941.

4. The next action was one filed by petitioner in the District Court of the United States for the district of Kansas, *Crebs v. Amrine,* Case No. 753-H. C. In that case petitioner was represented by counsel. After a full and complete hearing his application for a writ was denied by the Honorable Richard J. Hopkins, the then judge of such court, on June 29, 1942.

5. Later in 1942 he sought and this court granted him permission to institute another proceeding here. His application was filed and the case docketed as No. 35,803. On October 9, 1942, this application was formally considered and a writ denied.

6. Subsequently, and on January 11, 1943, a petition for writ of certiorari was denied by the Supreme Court of the United States. (*Crebs v. Amrine,* 317 U. S. 699, 87 L. Ed. 559.)

7. No. 35,875, of this court, is another action instituted by petitioner. In it his application for a writ was denied on February 1, 1943, for the reason the grounds set forth therein were substantially the same as those urged and determined in *Crebs v. Amrine,* 153 Kan. 736.

8. Another petition for writ of certiorari was denied in the Supreme Court of the United States on April 12, 1943. (*Crebs v. Amrine,* 318 U. S. 788, 87 L. Ed. 1155.)

9. Still another case, No. 36,240, was filed by petitioner in this court. The petition was considered on April 5, 1944, and a writ denied for the reason it stated no grounds for habeas corpus except those determined and decided in 153 Kan. 736.

10. The petitioner's next attempt was an action, *Crebs v. Hudspeth,* No. 903—H. C., in the District Court of the United States for the district of Kansas. There his petition for a writ was denied by the Honorable Walter A. Huxman, a judge of the United States

Circuit Court of Appeals, 10th Circuit, who at the time was sitting as judge of such district court, and who at the time of the rendition of his decision made extensive findings of fact and conclusions of law to which future reference will be made.

11. The petitioner's last effort to institute habeas corpus proceedings was commenced in April, 1945, when he mailed a petition to the clerk of this court to which was attached a written request asking that the court permit the filing of such petition. This request was duly presented and upon examination was denied for the reason that the application and other papers attached thereto were replete with scandalous, scurrilous and impertinent allegations pertaining to action on the part of this court and the Federal courts in connection with prior habeas corpus proceedings instituted and prosecuted by him. Thereafter, another petition, from which allegations of the character referred to had been deleted, was presented. When it was considered we directed that it be filed, thereby permitting the petitioner to once again present for determination his claim that he is illegally confined in the state penitentiary.

In due time R. H. Hudspeth, warden of the Kansas State Penitentiary, the respondent herein, having been notified that he had been given thirty days to answer or otherwise plead to the petition filed a motion to dismiss the action for the reason that all matters, complaints and incidents therein mentioned had been fully and completely adjudicated by courts of competent jurisdiction. This motion was overruled. Thereafter, respondent filed an answer placing in issue all allegations of the petition charging that petitioner was and is unlawfully restrained of his liberty. In addition, and as a further defense, he alleged that all matters upon which the petitioner based his requests for a writ were *res judicata.*

Following the filing of respondent's answer the petitioner requested the appointment of counsel. Thereupon, Honorable Walter Biddle, an experienced and capable attorney of Leavenworth, was appointed to represent petitioner and upon notification of his appointment consented to serve in that capacity. Thereafter, in the presentation of evidence, the preparation of briefs and in oral argument when the cause was submitted, he faithfully and zealously advanced the cause of his client.

No necessity exists for a detailed recital of the allegations to be found in the petition. That pleading was prepared by the petitioner, is in his own handwriting, contains repetitious matter and

is in such condition it is somewhat difficult to understand or state the exact points on which he relied. Under such circumstances, we do not strictly construe the pleading but give it the benefit of all inferences and innuendoes therein found. Broadly stated, the petition raises all issues passed upon by this court in *Crebs v. Amrine*, 153 Kan. 736, and all questions determined in case No. 903-H. C. in the district court of the United States for the district of Kansas. In addition it presents two or three other points to which we will later make more specific reference.

Nor will it be necessary to relate at length the evidence offered in support of the position of the respective parties. Summarized, the petitioner adduced all evidence offered by him on the hearings of the two cases just mentioned. Apparently he had no new or additional evidence to offer or if he did have he made no attempt to produce it. It should, however, be here noted that after argument of the cause petitioner's counsel was instructed to advise him that if he desired to offer any further or additional evidence the court would consider it in affidavit form. Also, that pursuant to the permission so granted, petitioner filed a lengthy statement which, when examined, proved to be merely cumulative in nature and clearly an effort on his part to reëmphasize statements theretofore made by him and already considered as a part of his evidence in this proceeding. Respondent's evidence consisted in the main of the testimony offered by the then respondent in *Crebs v. Amrine*, 153 Kan. 736, and can be found at length as set forth on pages 737 to 744 inclusive of the opinion in that case. However, that was not all. Evidence was adduced to the effect petitioner was sentenced on November 26, 1930, as stated in the journal entry of judgment and conviction and not on some other date as he contends. In addition Honorable G. L. Light, district judge at that time, testified in part as follows:

"Your affiant states that the petitioner was at all of said times in full control of his faculties and was cognizant of the nature of the proceedings, and from your affiant's observation, had a full understanding of all the proceedings had at the time he plead guilty and at the time he made and signed his confession, and at all other times during proceedings of which this affiant had occasion to observe; that in answering questions propounded to him the answers made by petitioner were sanely and lucidly stated and his conversations were likewise sane and lucid in all details, and in the opinion of this affiant the petitioner was of sound mind at the time he made his confession and entered his plea of guilty in my court."

More briefly stated, respondent's testimony, if believed, completely refuted each and every point relied upon by petitioner as a ground for the issuance of a writ in habeas corpus.

In our decision in *Crebs v. Amrine*, 153 Kan. 736, we held:

"Applicant's next point—that the record will show that he was denied counsel, the record shows nothing of the sort.

"The third point—that a confession was signed by him 'by duress, abuse, cruel and unusual punishment,' and that 'the confession was written by the abusers.' The record does not show the existence of any such confession, and certainly no such confession was used against him at his trial on November 26, 1930, which is the only trial at which a confession would have been of any avail against him. If by confession petitioner means the twenty-eight page statement he gave to Judge Light on November 21, and which he admits he signed on November 22, it is perfectly clear that this statement was voluntarily given, and that, too, in an interview with Judge Light, which the judge granted at petitioner's request. But even if that twenty-eight page statement of Crebs to Judge Light be regarded as a confession, it was not used at his trial on November 26, so its characterization as a confession is immaterial.

"The next point urged is that petitioner was denied a lawful hearing in due course of law. This contention is wholly gratuitous, and absolutely nothing is offered in its support.

"The next point is that sentence was pronounced without jurisdiction. This point is untenable. The district court of Seward county was the one and only tribunal which did have jurisdiction.

"Appellant's final point is that he never pleaded guilty to the charge. The record, which is clear and unimpeached, is to the contrary. The evidence also is clear and convincing that the arraignment, plea, judgment, sentence, and commitment were regular in every respect." (p. 745.)

Findings of fact rendered by the distinguished jurist who decided the case of *Crebs v. Hudspeth*, No. 903-H. C., in the district court of the United States, on February 21, 1945, read as follows:

"1. That the petitioner, Cecil C. Crebs, was taken into custody by a posse on the 18th day of November, 1930 and delivered to L. E. Warden, then undersheriff of Seward County, Kansas and placed in the county jail at Liberal, Kansas.

"2. That on the afternoon of November 21, 1930, at his own request he was taken before G. L. Light, Judge of the District Court of the 39th Judicial District of the State of Kansas by L. E. Warden, deputy-sheriff, at which time the petitioner made a statement in answer to questions from Judge G. L. Light, which questions and answers were reduced to writing from short hand notes of the court reporter.

"3. That when the notes of the court reporter were reduced to writing, the petitioner read the transcribed statement and signed and swore to same before said Judge G. L. Light on the 22nd day of November, A. D. 1930.

"4. That no threats, abuse, force or promises were made by the said Judge

G. L. Light or anyone else in the presence of the said G. L. Light to cause the petitioner to sign said statement.

"5. That the petitioner was served with a warrant on November 24, 1930, charging him with the murder of one Charlie Doan.

"6. That on the 24th day of November, 1930, the petitioner was taken before M. H. Flood, Justice of the Peace of Liberal City Township, at which time E. W. Davis was appointed as petitioner's counsel. That at that time petitioner waived his preliminary hearing and was bound over to the District Court for trial on the charge of first degree murder.

"7. That an information charging the petitioner with murder in the first degree of Charlie Doan was filed in the office of the Clerk of the District Court on November 26, 1930.

"8. That on November 26, 1930, the petitioner was regularly arraigned on the information, inquiry made of him if he desired counsel which offer of counsel was refused by the petitioner and at which time he voluntarily entered a plea of guilty to the charge of murder in the first degree of Charlie Doan and was by the Court duly sentenced to confinement and hard labor at the Kansas State Penitentiary for life.

"9. That a Journal Entry was duly prepared, signed by the District Judge, G. L. Light, and filed in the office of the Clerk of the District Court on the 26th day of November, 1930.

"10. That a committment was duly and reqularly issued and signed by the Clerk of District Court, as per order of the District Judge, on the 29th day of November, A. D. 1930.

"11. Pursuant to said judgment of the District Court and the committment issued pursuant thereto, the petitioner was transported from the county jail at Liberal, Seward County, Kansas, to the custody of the Warden of the Kansas State Penitentiary a short time thereafter, the exact date not being shown by the evidence.

"12. That the petitioner has filed several prior petitions for writ of habeas corpus, based upon substantially the same facts, to-wit, that of abuse and beatings of his person to procure confession, lack of legal court procedure, failure to have counsel, all of which were tried on occasions before the District Court of Leavenworth County in August, 1940. The Supreme Court of Kansas in May, 1941 in the case of Crebs vs. Amrine No. 35,087 and which is reported in 153 Kan. 736. Also case of Cecil C. Crebs, alias C. C. Crebs, alias Chet Lawson, before the United States District Court on the 10th day of April, 1942, case No. 753-H.C. All such cases were based on the same set of facts and no new evidence is introduced in this case with the exception of the error in the statement in the transcript of the court reporter as to when the proceedings in the District Court were had.

"13. That the Journal Entry of Judgment rendered in the District Court of Seward County shows the date of proceedings to be the 26th day of November, 1930. The transcript of the proceedings made up by the court reporter, W. B. King, in the introduction, states that the proceedings were on the 22nd day of November, 1930.

"14. From the affidavits of W. G. King, Court Reporter, and G. L. Light,

former Judge of the District Court, and from examination of the files, the Court finds that the proceedings were had on the 26th day of November, 1930.

"15. That the petitioner was in no way abused, third-degreed, beaten, tortured or promised any benefits which induced him to make the statement before G. L. Light on the 21st and 22d days of November, A. D. 1930, or to his entering a plea of guilty before the Court to the charge of murder in the first degree on November 26, 1930."

At this point we pause to consider respondent's contention that all questions determined in the two decisions from which we have just quoted are *res judicata* and no longer available as grounds for habeas corpus in the case at bar. We do not believe the rule permits the sustaining of that contention in the broad form in which respondent seeks its application. As we understand it the doctrine of *res judicata* does not apply in case of refusal to discharge a prisoner on habeas corpus. However, prior adjudications, where a subsequent application is based on the same facts relied on in former proceedings, may be taken into consideration to prevent abuse of the writ and given controlling effect if in the exercise of its discretion such conclusion appears to the court, to which the subsequent application is presented, to be justified after consideration of all facts and circumstances having a material bearing upon the subject. (39 C. J. S. 698, § 105; 25 Am. Jur. 250 § 156; *Wong Doo v. United States,* 265 U. S. 239, 68 L. Ed. 999; *Salinger v. Loisel,* 265 U. S. 224, 68 L. Ed. 989; *Slaughter v. Wright,* 135 F. 2d 613). So, in the instant case, we might in the exercise of judicial discretion decide that since the record presents no new facts and circumstances former decisions control and refuse to again pass upon contentions so often determined. And we might add, that in the event such action was required we would not hesitate to take it. However, we do not deem it necessary. There was presented for our consideration in this case evidence from which we can determine on its merits each and every fact passed upon and decided in *Crebs v. Amrine,* 153 Kan. 736, and *Crebs v. Hudspeth,* 903-H.C. in the district court of the United States. We have examined the record. Based upon what it discloses we approve and affirm each and all of the findings, heretofore quoted, as made by this court and the federal court in those two cases and adopt them as our own. In addition, we hold that so far as the petitioner and his right to release on habeas corpus are concerned: (1) All proceedings in the justice court prior to and inclusive of his preliminary hearing were regular and in con-

formity with law; (2) he was not deprived of legal counsel or denied counsel either in justice court or district court; (3) he actually had counsel with whom he had advised prior to entering his plea of guilty; (4) the fact his counsel was not present in court at the time he entered such plea was because he had advised the trial court he did not desire that his attorney be present, and (5) his entire action in district court, both before and after sentence and including the entering of a plea of guilty, was voluntarily taken with full and complete understanding of the nature of the proceedings and the consequences which would follow as a result thereof.

The conclusion just announced might well end this lawsuit. However, we have in mind several allegations of the present petition which were not specifically passed upon in prior cases and hence not heretofore referred to. One such allegation is that G. S. 1935, 62-1302, requires service of a copy of the information in capital cases at least forty-eight hours before arraignment. Assuming no copy of the information was served on petitioner the argument overlooks the last sentence of the section, which reads:

". . . If the defendant pleads and goes to trial without objecting for the want of such copy, the neglect of duty by the clerk will not be sufficient ground to set aside the verdict."

The record discloses petitioner waived service of the copy. Therefore, the portion of the section relied on by him did not apply to his situation.

Another allegation is that petitioner did not waive his right to counsel by written instrument as required by G. S. 1943 Supp. 62-1304. Quite true, but that statute was enacted in 1941 and does not operate retroactively. The statute in force and effect on all dates here involved, G. S. 1935, 62-1304, contained no such requirement. It merely provided that if a person about to be arraigned on an information be without counsel to conduct his defense, and be unable to employ any, it should be the duty of the court to assign him counsel at his request. The trial court complied with its mandate. Moreover, petitioner had counsel and expressly stated he did not desire his presence at the time he entered his plea of guilty.

Still another and final allegation is that petitioner was denied the right to subpoena witnesses in his previous applications for a writ of habeas corpus. No evidence was offered to that effect and

we might add the record is to the contrary. Besides, it is not argued there was any deprivation of that privilege in this action.

Petitioner directs our attention to the following recent decisions of the Supreme Court of the United States, which he insists require his release in a habeas corpus proceeding. (*Williams v. Kaiser,* 323 U. S. 471, 89 L. Ed. 398; *Tomkins v. Missouri,* 323 U. S. 485, 89 L. Ed. 407; *House v. Mayo,* 324 U. S. 42, 89 L. Ed. 739; *Rice v. Olson,* 324 U. S. 786, 89 L. Ed. 1367, and *White v. Ragen,* 324 U. S. 760, 89 L. Ed. 1348.) We do not agree. As we understand the import of such decisions they do not so much as intimate even by inference, that where, after a full and complete hearing of a habeas corpus case on the merits, a state court finds from all the evidence, contrary to a petitioner's contention, that he understandingly and intelligently waived counsel or, where as here, finds he had counsel but comprehendingly stated he did not desire his presence when he entered a plea of guilty, that the interpretation placed upon that evidence by the state court will be reviewed on appeal.

No legal ground existing for its issuance the writ is denied.