No. 37,167

N. B. HOUGHTON, *Petitioner*, v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(197 P. 2d 941)

Opinion filed October 9, 1948.

*William C. Karnazes,* of Kansas City, argued the cause for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

COWAN, J.: This is the fourth application for writ of habeas corpus emanating from the pen of the petitioner. He filed one in this court on October 12, 1946, No. 36,790, which was denied. He applied to the federal court on December 3, 1946, No. 990-H. C., which, after taking of evidence, was denied. He sought a writ from the district court of Leavenworth county, Kansas, in December, 1947. In that case evidence was taken and the writ denied.

In McPherson county, Kansas, on November 9, 1936, the petitioner stabbed G. A. Nyquist, an attorney, and this injury resulted in the death of G. A. Nyquist on November 11, 1936. The petitioner was charged with first-degree murder on November 12, 1936, entered a plea of guilty on the same date, and was sentenced to the penitentiary for life. James A. Cassler and George L. Allison were appointed by the court to represent him. He was also represented

in this court by counsel who has consulted with the petitioner and presented brief and oral argument.

The first contention presented is the familiar one of being proceeded against by information rather than by grand jury indictment. This question has been determined adversely to petitioner in the recent case of *Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894. This is purely a question of state procedure. (*Paterno v. Lyons,* 334 U. S. 314, 68 Sup. Ct. 1044, 92 L. Ed. [Advance Opinions] 1035, No. 583, decided June 1, 1948.)

Another contention of the petitioner is that he was forced to enter a plea before the forty-eight-hour period had elapsed following the reading of the complaint to the petitioner. As set forth by his attorney, the point involves G. S. 1935, 62-1302, which requires the clerk of the court, in capital cases, to furnish to defendant or his counsel at least forty-eight hours before defendant is arraigned a copy of such information. But the statute which includes this requirement also provides its own answer to petitioner's complaint. The last portion of that statute reads:

"If the defendant pleads and goes to trial without objecting for the want of such copy, the neglect of duty by the clerk will not be sufficient ground to set aside the verdict."

The petitioner, by his plea, waived any claim on such ground. (*Crebs v. Hudspeth,* 160 Kan. 650, 657, 164 P. 2d 338.)

The other grounds urged by the petitioner may be summarized as follows:

1. The petitioner was forced to plead guilty under the pressure of coercion, duress, threats, and force.
2. Petitioner was not properly represented by counsel.
3. Petitioner was denied the right to trial by jury.

There have been presented to this court the record, the verified petition of the petitioner, and affidavits of the former judge of the court, of the attorneys who appeared for petitioner in the court below, and of the county attorney who represented the state in the district court. We have examined all of these papers and this court finds there was no coercion, duress, threat or force employed; there were no threats or indications of mob violence; neither the county attorney nor the sheriff nor district judge in any wise threatened or coerced the petitioner into entering his plea of guilty; the prisoner was informed before he entered his plea that the family of the decedent had asked that no request be made for capital punishment,

as they were opposed to capital punishment; the petitioner was ably represented by two very capable attorneys, one of whom is now state senator from his district, and the other of whom is judge of the district court which sentenced the petitioner; petitioner's right to trial by jury was fully explained to him by his attorneys; the consequences of entering a plea were detailed to him at length by his attorneys and he was fully informed of his rights in all respects; thereafter the petitioner voluntarily entered a plea of guilty to murder in the first degree; he stated he was anxious to enter a plea and be started on his way to the penitentiary. The then sheriff of McPherson county died previous to this application and his testimony cannot be obtained, but there is nothing to indicate that his testimony would have been any different from that of the county attorney and the judge of the district court and the two attorneys who represented the petitioner at the time he entered his plea of guilty.

This court has held that in a habeas corpus proceeding when one who is convicted of crime attacks the judgment under which he has been sentenced on the ground of invasion of his constitutional rights, the burden is on him to prove such violation by a preponderance of the evidence, and also that the unsupported and uncorroborated statements of the petitioner in such proceeding do not sustain this burden of proof or justify the granting of the writ. (*Long v. Hudspeth,* 164 Kan. 720, 192 P. 2d 169.) The journal entry was in proper form and complied with the then existing law. (*Rice v. Hudspeth,* 162 Kan. 596, 599, 178 P. 2d 230.) There is nothing in the record, either of law or fact, which would warrant the granting of the application.

The writ is denied.