No. 37,358

WILLIAM E. Cox, *Petitioner,* v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(198 P. 2d 177)

Opinion filed October 9, 1948.

*John E. Buehler,* of Atchison, argued the cause, and was on the briefs for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

SMITH, J.: This is an action in habeas corpus wherein petitioner seeks to be released from confinement in the state penitentiary at Lansing.

When the petition was originally filed in this court we sustained the motion of respondent that it be made more definite and certain. This was done and an amended petition filed. We appointed counsel for this petitioner as well as several others who were being held at the penitentiary at Lansing or the industrial reformatory at Hutchinson. The respondent filed an answer and the case has finally been submitted. The petitioner pleaded guilty in the district court of Lyon county to the crime of murder in the first degree. He was sentenced to be confined for the balance of his life at the state penitentiary at Lansing, where he is now being held.

He first argues that he was denied due process of law because he was not indicted by a grand jury but was brought to trial by means of an information filed by the county attorney. We have heretofore considered and settled that question against the contention of petitioner in the case of *Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894. The petitioner asks us to reconsider that decision. We

appointed able counsel for petitioner in that case. It was ably presented. We considered the question carefully when the case was presented to us and on a motion for rehearing. We see no reason to change our decision now.

The petitioner next complains that he is being wrongfully held because he was caused to go to trial before forty-eight hours had elapsed following the reading of the state's information. He cites G. S. 1935, 62-1301, which section provides, as follows:

"All indictments and informations shall be tried at the first term at which the defendant appears, unless the same be continued for cause. If the defendant appear or is in custody at the term at which the indictment or information is found, such indictment or information shall be tried at that term, unless continued for cause."

He also points out G. S. 1935, 62-1302, which section provides as follows:

" . . . If the defendant pleads and goes to trial without objecting for the want of such copy, the neglect of duty by the clerk will not be sufficient ground to set aside the verdict."

He makes no argument that the copy of the information was not served upon him, as required by G. S. 1935, 62-1302. The record does not disclose nor does he contend he objected to going to trial not later than forty-eight hours after this was served upon him. Under such circumstances, this conduct, if it happened, is not any grounds for the release of this petitioner. (See *Maxwell v. Hudspeth*, 160 Kan. 553, 164 P. 2d 134, and *Crebs v. Hudspeth*, 160 Kan. 650, 164 P. 2d 338.)

Defendant next contends that the journal entry of judgment violated the fourteenth amendment to the federal constitution because it did not state the section of the statute under which he was senenced. No doubt the petitioner refers to a failure to comply with G. S. 1947 Supp., 62-1516. This statute does provide that the journal entry shall show the statute under which the defendant is charged, also the statute under which he was sentenced. The journal entry in this case did show the statute under which defendant was charged, that is G. S. 1935, 21-401, but did not, however, state the section under which he was sentenced. (See G. S. 1935, 21-403.) G. S. 1947 Supp., 62-1516, became effective April 12, 1941. The petitioner was sentenced April 25, 1941; hence this act was in effect. It appears that the journal entry in this case did not comply strictly with that section. It does not follow, however, that the judgment is

void on that account. The petitioner was deprived of no constitutional right because strict compliance was not had with that section. Later on in this opinion we shall state what action shall be taken on account of this failure to comply with the statute.

The petitioner next argues that his confinement is illegal because there were no commitment papers on file in the district court of Lyon county, Kansas. We do not find nor does the petitioner point out any statute which requires that any commitment papers should be on file in the office of the clerk of the court. Certainly there is no constitutional provision requiring such.

Petitioner next argues that he is being improperly held and his sentence is void because the information failed to state the section of the statute under which he was to be tried for murder in the first degree. There is no provision in the statute which requires that this be stated nor is there any such in the constitution. The petitioner was well aware moreover of the crime with which he was charged. G. S. 1935, 62-1003 to 62-1010 sets out matters which the information must contain. In *Lang v. Amrine*, 156 Kan. 382, 133 P. 2d 128, the court said:

" . . . However, we think it not out of place to say that appellant contends the information was fatally defective because it did not give the number of the section of the statute under which he was prosecuted. This is not required by our statute (G. S. 1935, 62-1010), which outlines the contents of an information . . ." (p. 383.)

Petitioner next argues that he was denied the right to be properly represented by counsel, the right to material witnesses, the right to a fair and impartial trial. It is difficult to see why petitioner should make such allegations as this. Fortunately we have a stenographic record of what transpired at the time petitioner pleaded guilty. It is clear that before the petitioner's preliminary hearing was had the district judge appointed a reputable and able lawyer to be his counsel. This same lawyer was the counsel from then on until petitioner pleaded guilty and was sentenced. At one point counsel for petitioner himself seemed to think there was a chance the prisoner might be convicted of a lesser offense than murder in the first degree. However, at a subsequent time petitioner asked to be taken before the district court and there stated that he wished to plead guilty to murder in the first degree. From then on we have the benefit of the verbatim transcript of the notes of what transpired. Counsel for the petitioner, the county attorney and the trial court were me-

ticulously careful to preserve every constitutional right of the petitioner. There is no doubt but that he received fair treatment from the outset and at every step.

Petitioner argues that the sheriff and county attorney had evidence in their possession to prove him innocent. He makes a somewhat rambling allegation as to that in his petition. His statements are so general that it is difficult to tell just what he had in mind, but if he were able to prove the actual facts he alleged then it would fall far short of proving any misconduct on the part of the sheriff or county attorney.

To the end that full information may be set forth in the journal entry we need not repeat what has been said in the case of *Wilson v. Hudspeth,* No. 37,356, this day decided. The procedure there outlined is to be followed in this case. The attorney general is directed to complete the journal entry in the manner set forth in that case. When the journal entry is completed as above outlined, the writ will be denied. It is so ordered.