No. 39,980

THE STATE OF KANSAS, *Appellee*, v. WARREN APPLEGATE, *Appellant*.

(303 P. 2d 148)

Opinion filed November 3, 1956.

*Walter F. McGinnis*, of El Dorado, argued the cause, and *Allyn M. McGinnis*, of El Dorado, was with him on the briefs for the appellant.

*Robert M. King*, County Attorney, argued the cause, and *John Anderson*, Attorney General, *Paul E. Wilson*, Assistant Attorney General, and *Warren Ralston*, Assistant County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: The defendant was arrested and tried on a charge of murder in the first degree, which in this state is a capital offense (G. S. 1949, 21-403). At the close of a spirited trial a jury found him guilty of the murder of his sixteen-month-old daughter by arsenic poisoning and returned a verdict against him for murder in the second degree. Later, his motion for a new trial having been denied, he perfected an appeal to this court where, among other things, under proper specifications of error, he charges the trial court erred in compelling him to go to trial over objection when the clerk of the district court had failed to deliver a certified copy of the information to him or his attorney at least forty-eight hours before arraignment on such information.

The record makes it clearly appear that on the hearing of the motion for a new trial in the court below the trial court and the attorneys for both the state and defendant regarded the claim of error, to which reference has just been made, as the most important issue involved in this case. We agree. For that reason, and others to be

presently disclosed, such issue will be given our immediate attention.

The section of the statute ( G. S. 1949, 62-1302) on which the defendant bases his position the trial court committed error requiring the granting of his motion for a new trial has been a part of our code of criminal procedure, without change or amendment, since 1868. It reads:

"It shall be the duty of the clerk of the court in which an indictment or information against any person for a capital offense may be pending, whenever the defendant shall be in custody or held by recognizance to answer thereto, to make out a copy of such indictment or information and cause the same to be delivered to the defendant or his counsel at least forty-eight hours before he shall be arraigned on such indictment or information. *If the defendant pleads and goes to trial without objecting for the want of such copy, the neglect of duty by the clerk will not be sufficient ground to set aside the verdict.*" (Emphasis supplied.)

The salient facts on which the rights of the parties must stand or fall are not in dispute and can be briefly stated.

Prior to arraignment of the defendant his counsel orally moved that the entire case be dismissed for the reason the defendant had not been served with a certified copy of the information as required by law. The court then, directing his remarks to counsel for the state, inquired "Do you have anything to say about that?" In response to this inquiry counsel replied "It is the duty of the Clerk to do that." Without further colloquy, formal showing as to whether there had been compliance with the requirements of 62-1302, *supra*, or continuance of the cause for compliance therewith, the court announced the motion was overruled and inquired "The defendant waives arraignment and pleads not guilty?" In response to this inquiry counsel for defendant replied "Yes. We object to going to trial, however, under the circumstances." Thereupon the court overruled this objection and proceeded with the trial of the case.

Supplementing the foregoing factual statement it should be stated there is nothing in the record showing that the state ever made any attempt to show that the clerk of the district court of Butler County ever caused a copy of the information to be delivered to the defendant or his counsel at least forty-eight hours before arraignment and, when carefully analyzed, the clear import of such record is that no such copy of that instrument was ever served by the clerk or any one else in his behalf on the defendant or his attorney as required by the provisions of the statute in question.

Throughout the years, probably because of the diligence of public officials charged with the obligation of complying with its mandate, few appeals have come to this court where failure to comply with the requirements of 62-1302, *supra,* has been relied on as a ground for reversal of the judgment in a case where a defendant has been convicted of a capital offense. However, this court is not without legal precedent relating to the disposition of an appeal where that situation existed under somewhat similar conditions and failure to comply with the requirements of the statute in question was properly raised on appeal as a ground for reversal of the judgment.

Long ago in *The State v. Wilson,* 42 Kan. 587, 22 Pac. 622, a case where the defendant was prosecuted for a capital offense (murder in the first degree); tried and found guilty as charged; denied a new trial; and sentenced accordingly, this court held:

"When in a capital case the record does not show either that a certified copy of the information was delivered to the accused before arraignment, or that he was arraigned and required to plead, and fails to show that he announced himself ready for trial, or in any other manner consented to a trial without a copy of the information or without arraignment, but does show that he objected to the trial continuing, and moved for a discharge for these reasons, it is error for the trial court to insist on a trial without these prerequisites. (*The State v. Cassaday,* 12 Kan. 550, cited and distinguished.)" (Syl. ¶ 3.)

And in the opinion said:

"We think that the clerk should have furnished a copy of the information either to the defendant or his counsel at least forty-eight hours before the arraignment. This seems to be a positive requirement of the statute, made for the benefit of the defendant, and one that he can insist shall be strictly performed. Of course it can be waived by pleading and going to trial without objection; but if there was such a waiver the record ought to show it. In cases of this character, embracing the highest crime, the record ought to affirmatively disclose that every statutory step had been duly taken, or that they had been waived by the accused. . . ." (p. 596.)

In the case last above cited we believe that in addition to those given in the opinion this court might have assigned another sound and convincing reason compelling the conclusion therein announced. It is that by including in 62-1302, *supra,* the last sentence thereof reading "If the defendant pleads and goes to trial without objecting for the want of such copy, the neglect of duty by the clerk will not be sufficient ground to set aside the verdict.", the legislature, even though it may be conceded to have done so in a backhanded way, definitely indicated its intention that, absent pleading and going to

trial without objection for the want of a copy of the information, failure to comply with the preceding provisions of such section of the statute in capital cases is to be regarded as a valid ground for setting aside a verdict of guilty. In leaving the subject we pause to note the fact the defendant in such a case has been found guilty of a lesser offense affords no sound basis for a different conclusion. The plain mandate of the statute is that it has application in all criminal cases pending where the defendant is charged with the commission of a capital offense.

After a somewhat extended examination of our reports we find no cases where the decision in the Wilson case has been either criticized or disapproved. Indeed in two out of three of the very cases on which the state relies to sustain its position the mandate of the statute should be disregarded even though the record fails to affirmatively establish compliance with its terms, the rule announced in that case is indirectly approved. In both *Crebs v. Hudspeth,* 160 Kan. 650, 656, 164 P. 2d 338 and *Houghton v. Hudspeth,* 165 Kan. 619, 197 P. 2d 941, habeas corpus proceedings where failure to comply with the statute was relied on as a ground for issuance of a writ, we held that the statute itself provided its own answer to the petitioners' complaint in that they had waived service of the information, as required by such statute because, by pleading and going to trial without having objected to the lack of service, they had brought themselves squarely within the provisions of the last sentence of such statute, as heretofore quoted. The third decision relied on by the state (*State v. Radke,* 168 Kan. 334, 212 P. 2d 296) does not involve commission of a capital offense and for that reason is not in point.

In the face of a record disclosing a factual situation such as has been heretofore outlined, and which need not be again detailed, we are convinced the provisions of G. S. 1949, 62-1302, as well as our decision in *The State v. Wilson,* supra, to which we adhere, compel a conclusion the trial court should have granted the defendant a new trial on the ground the record in that court failed to affirmatively establish that the clerk of the district court of Butler County had caused a copy of the information to be delivered to the defendant or his counsel at least forty-eight hours before he was arraigned on such information or that such defendant had pleaded and gone to trial without objecting to the want of such copy. We are further convinced that its failure to do so requires a reversal of the judgment and it is so ordered.

At this point it should be stated we have rejected, not overlooked, contentions advanced by the state in an attempt to avoid the foregoing conclusions, based on claims (1) that the statute is antiquated and should no longer be given full force and effect and (2) that noncompliance with the statute and failure of the trial court to enforce its requirements under the existing facts and circumstances constitute mere technical errors which, under the provisions of G. S. 1949, 62-1718, should be disregarded. The answer to these contentions, it may be added, is also to be found in *The State v. Wilson,* supra. See pages 598 and 599 where it is said:

". . . The trial courts should require that in capital cases a copy of the information or indictment should be delivered to the accused or his counsel at least forty-eight hours before arraignment. The positive command of the legislature is reason enough why this should be done. It is not the province of this court to criticise either the wisdom or policy of the legislation, but our duty is to see that such commands are obeyed. . . ."

Since the conclusions heretofore announced require a new trial and all other specifications of error assigned by defendant as grounds for the granting of that relief relate to alleged trial errors, which may be of no consequence if this case again comes to this court on appellate review, arguments advanced with respect to such specifications of error will not be here considered or discussed.

The judgment is reversed and the cause remanded for a new trial.

FATZER, J., not participating.