No. 43,520

The State of Kansas, *Appellee,* v. Harry Jack Bloomer, *Appellant.*

(390 P. 2d 29)

Opinion filed March 7, 1964.

*F. F. Wasinger,* of Hays, argued the cause and was on the briefs for the appellant.

*W. R. Hainline,* County Attorney, argued the cause, and *William M. Ferguson,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: This is an appeal by Harry J. Bloomer, who was charged, tried, convicted and sentenced for the statutory crimes of murder in the first degree (G. S. 1949, 21-401) and assault with felonious intent (G. S. 1949, 21-431).

Under the issues presented by the record procedural, rather than evidentiary, facts are decisive and must be related in chronological order as briefly as the state of the record permits. So far as here pertinent such facts may be stated thus:

On the evening of July 14, 1962, while riding as a passenger in the back seat of an automobile on a public highway near the town of WaKeeney, in Trego County, Kansas, the defendant, a transient, shot and killed Al Claycamp, a deputy sheriff, and shot and seriously wounded Chet McAtee, the then sheriff of such county, who was driving the automobile. After the shooting the defendant escaped in the darkness of the night.

Three days later, on July 17, 1962, the defendant was appre-

hended and brought before the county court of Trego County where he was charged by complaint with commission of the crimes above mentioned. There, and without counsel, he waived a preliminary examination and was bound over to the district court of Trego County for trial.

On July 23, 1962, the county attorney of Trego County filed a verified information in the office of the clerk of the district court of that county charging defendant in one count with the deliberate and premeditated murder of Al Claycamp and in the second count with the unlawful and wilful assault of Chet McAtee by shooting him with a pistol with intent to kill and maim him.

The day after the information was filed, i. e., July 24, 1962, the defendant was brought before the district court of Trego County at WaKeeney for arraignment. The court inquired if he had a lawyer and if not whether he had the wherewithal to hire one. Having received a negative answer to both questions the court appointed Delmas R. Haney, an able and respected member of the Kansas Bar, who had been practicing law at Hays for many years, to represent defendant. It then allowed a recess in order to give Mr. Haney an opportunity to confer with his client. After a short conference, and on the same day, the court reconvened, announced it would proceed with formal arraignment, and directed the clerk of the court to read the information for that purpose. Upon the reading of the information Mr. Haney announced the defendant entered a plea of not guilty to the crime charged in count one and a plea of not guilty to the offense charged in count two of the information.

Defendant's petition for a change of venue and his motion for continuance, which were filed with the clerk of the district court of Trego County on August 13, 1962, were presented to the district court of that county on August 16, 1962. After a hearing the court granted the petition for a change of venue and designated the district court of Ellis County, Kansas, for trial of the case. It also granted the motion for continuance and ordered the trial of such action be continued until October 16, 1962. Thereafter, pursuant to the order changing venue, defendant was delivered to the sheriff of Ellis County where he was incarcerated and confined until the conclusion of his trial.

On October 16, 1962, the case came on for trial in the district court of Ellis County. Thereupon, and prior to voir dire examination of prospective jurors, defendant's counsel filed and presented

to the court a motion wherein defendant objected to any trial on the charges then pending against him "at this time" and asked that he be discharged from custody for a number of reasons, one of which was based on the premise "That no Certified copy of the Information was served on the defendant or his counsel forty-eight (48) hours prior to the arraignment as provided by G. S. 1949, 62-1302." After a hearing the trial court overruled this motion on October 16 and directed that the trial proceed.

Subsequently, and on October 18, after the jury had been selected but prior to the introduction of evidence, defendant's counsel filed and presented a motion objecting to the introduction of any testimony in the case, one ground of which was based on the same premise as the one heretofore quoted from the defendant's written objection to the trial of the action. This motion was over-ruled on October 19.

Thereupon the court proceeded with the trial which ultimately resulted in a verdict finding defendant guilty of murder in the first degree, as charged in count one of the information and determining that he be punished by confinement at hard labor in the penitentiary of the State of Kansas, and a verdict finding defendant guilty of the offense of assault with felonious intent, as charged in count two of the information. These verdicts were accepted by the court and the jury was discharged.

Within the time previously fixed by the court the defendant, by and through his court-appointed attorney, filed a motion for a new trial where, among other things not here important, he asked for a new trial on the following grounds:

"That the court acted erroneously in overruling this defendant's objection to trial of the action.

"That the court acted erroneously in overruling defendant's objection to the introduction of testimony.

"That no certified copy of the information was served on the defendant or his counsel forty-eight (48) hours prior to the arraignment as provided by G. S. 1949, 62-1302."

Upon the overruling of his motion for a new trial the court rendered judgment against defendant on the verdicts and sentenced him according to law. Thereupon, and within due time, defendant gave a *pro se* notice of appeal from the judgment and sentences imposed by the district court by filing such notice with the clerk of the district court of Ellis County and by serving a copy thereof upon the county attorney of Trego County, who had appeared for and

represented the State of Kansas throughout the trial of the action in the district court of Ellis County.

Thereafter, under the provisions of G. S. 1961 Supp., 62-1304, appellant sought and obtained a free transcript of the record from the district court of Ellis County. Subsequently, on May 21, 1963, pursuant to this court's Rule No. 56, now found in Prefatory Rule No. 1(f) of the Rules of the Supreme Court of Kansas, effective January 1, 1964, on appellant's request for appointment of new counsel for purposes of his appeal, the district court appointed F. F. Wasinger of Hays, a capable and experienced attorney, to represent him in that capacity. Later Mr. Wasinger filed an abstract and brief in the case and personally appeared in this court on appellant's behalf on oral argument of the cause.

Before giving consideration to the merits of the appeal a question of jurisdiction requires comment. Directing our attention to the fact appellant's notice of appeal was served upon the county attorney of Trego County, and pointing out that G. S. 1949, 62-1724, provides that a defendant may appeal at any time within six months from the date of sentencing by serving notice of appeal "on the county attorney of the county in which he was tried," the state (appellee) suggests that, under the requirements of this section of the statute, appellant was required to serve the county attorney of Ellis County before this court could acquire jurisdiction of the appeal. We do not agree. Briefly stated it is our view, that under the circumstances existing in this case, the county attorney of the county in which the prosecution was commenced was the acting county attorney in the prosecution of the case in the county to which the case was removed and tried on change of venue.

The most important claim of error advanced by appellant, which is here by reason of the overruling of his motion for a new trial, is based upon the premise that the trial court erred in compelling him to go to trial over objections, raised by him in the motions to which we have previously referred, when the clerk of the district court had failed to make out a copy of the information and cause the same to be delivered to him or his attorney at least forty-eight hours before he was arraigned on the information, the first count of which charged him with the commission of murder in the first degree—a capital offense.

The section of the statute (G. S. 1949, 62-1302) on which appellant bases his position on this claim of error has been a part of our code of criminal procedure since 1869, without legislative change

or amendment, notwithstanding repeated decisions of this court requiring strict compliance with its requirements. It reads:

"It shall be the duty of the clerk of the court in which an indictment or information against any person for a capital offense may be pending, whenever the defendant shall be in custody or held by recognizance to answer thereto, to make out a copy of such indictment or information and cause the same to be delivered to the defendant or his counsel at least forty-eight hours before he shall be arraigned on such indictment or information. If the defendant pleads and goes to trial without objecting for the want of such copy, the neglect of duty by the clerk will not be sufficient ground to set aside the verdict."

There can be no dispute in the controlling facts of this case so far as they relate to compliance or noncompliance with the requirements of the foregoing statute. The record makes it affirmatively appear (1) that the information was filed in the office of the clerk of the court less than forty-eight hours prior to appellant's arraignment; (2) that no copy of the information had ever been delivered to the appellant or his counsel prior to such arraignment; and (3) that although appellant entered a plea of not guilty to the crime or murder, when called upon by the court to plead on arraignment, he nevertheless did not go to trial on that charge without first objecting to trial for want of service of a copy of the information in the manner and within the time required by 62-1302, *supra*.

What has just been stated makes it obvious there was no compliance with the requirements of 62-1302, *supra*, in the case at bar. Moreover, we are convinced, that in the face of such facts and others previously set forth in this opinion, the provisions of such section, as well as what is said and held in our decisions in *The State v. Wilson*, 42 Kan. 587, 22 Pac. 622, and *State v. Applegate*, 180 Kan. 186, 303 P. 2d 148, to which we adhere and by reference make a part of this opinion, compel a conclusion the trial court should have granted appellant a new trial on the verdict returned by the jury as to count one of the information and that its failure to do so requires a reversal of its judgment as to that phase of this appeal.

In reaching the foregoing conclusion we have rejected, not overlooked, contentions advanced by appellee to the effect that appellant waived his right to a copy of the information as required under the provisions of 62-1302, *supra*, (1) by entering a plea of not guilty to count one of the information and (2) by asking for a change of venue and a continuance. We are cited to and know of no de-

cisions upholding either of appellee's contentions and may assume it has found none. Be that as it may, the short answer to both contentions is that we have held in substance (see *State v. Applegate*, supra, pp. 188-189) that a defendant charged with a capital offense has the right, under the provisions of 62-1302, *supra*, to object for the want of service of a copy of the information prior to arraignment at any time before going to trial.

Since the conclusion heretofore announced requires a new trial on count one of the information and all other claims of error assigned by appellant as grounds for the granting of that relief relate to alleged trial errors, which may be of no consequence if this case again comes to this court on appellate review, arguments advanced with respect to such claims need not be here considered or discussed.

Nothing in what has been previously stated and held with respect to granting appellant a new trial as to count one of the information, because of appellee's failure to comply with the mandatory requirements of 62-1302, *supra*, either warrants or permits a conclusion the trial court erred in refusing to grant him a new trial on the separate verdict returned by the jury as to count two of the information, which charged him with the crime of assault with felonious intent. In this jurisdiction such crime (G. S. 1949, 21-431) is a noncapital offense and our repeated decisions (see, e. g., *Darling v. Hoffman*, 180 Kan. 137, 138, 139, 299 P. 2d 594; *Smith v. Hudspeth*, 166 Kan. 222, 224, 199 P. 2d 804; *White v. Hudspeth*, 166 Kan. 63, 65, 199 P. 2d 518; *Pennebaker v. Hudspeth*, 165 Kan. 662, 663, 197 P. 2d 939; *Kanive v. Hudspeth*, 165 Kan. 658, 660, 198 P. 2d 162) hold that the provisions of 62-1302, *supra*, have no application to noncapital offenses.

Nor can it be successfully argued that appellant was entitled to a new trial as to count two of the information because of the trial court's refusal, on his request, to instruct the jury on a lesser offense, than that defined in G. S. 1949, 21-431, namely, assault as defined in G. S. 1949, 21-435. We are not disposed to labor this contention. It suffices to say, that after reviewing the evidence, we are convinced it has been decided contrary to appellant's position, under circumstances almost identical to those involved in the instant case, in *State v. Barnett*, 156 Kan. 746, 137 P. 2d 133, which reads:

"Defendant next argues that the trial court erred in not instructing the jury on assault and battery and simple assault as defined in G. S. 1935, 21-435 and 21-436. There was no evidence in this record that would justify such instructions. Defendant admitted that he shot Wells twice at close range with

a 38-caliber revolver. A loaded 38-caliber revolver is a deadly weapon. Defendant claimed he shot because he feared for his own safety. Under such circumstances he was guilty of assault with intent to kill or he was not guilty at all. Under no circumstances could the shooting of a man with a 38-caliber revolver at close range be simple assault or assault and battery. See *State v. Thyer*, 143 Kan. 238, 53 P. 2d 907; also, *State v. Young*, 109 Kan. 526, 200 Pac. 285." (p. 753.)

In conclusion it should be stated that after carefully examining the entire record, as it relates to count two of the information, we fail to find anything which warrants or permits a conclusion the trial court erred either in overruling appellant's motion for a new trial or in rendering judgment against him in accord with the verdict returned by the jury on such count.

What has been heretofore stated and held requires (1) that the trial court's judgment as to count one of the information be reversed with directions to grant appellant a new trial on such count and (2) that its judgment and sentence on count two of the information be affirmed.

It is so ordered.

FONTRON, J., not participating.