No. 44,140

State of Kansas, *Appellee,* v. Harry Jack Bloomer, *Appellant.*

(421 P. 2d 58)

Opinion filed December 10, 1966.

*Norbert R. Dreiling,* of Hays, argued the cause and was on the brief for the appellant.

*W. R. Hainline,* county attorney of Trego county, argued the cause and *Robert C. Londerholm,* attorney general, and *Donald C. Staab,* county attorney of Ellis county, were with him on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: In 1962 in the district court of Ellis County, Kansas, where the case had gone upon change of venue from Trego county, appellant Harry Jack Bloomer was convicted by a jury of the offenses of murder in the first degree and assault with felonious intent and sentenced. His appeal to this court resulted in an affirmance of the conviction and sentence for felonious assault and a reversal of the murder conviction with directions to grant appellant a new trial on that charge. The reversal was based on the failure to serve a copy of the information upon the defendant appellant forty-eight hours prior to arraignment as required in capital cases by G. S. 1949, 62-1302 (*State v. Bloomer,* 192 Kan. 581, 390 P. 2d 29).

Following determination of the first appeal, different counsel was appointed for appellant, he was formally rearraigned upon the murder charge after delivery to him of a copy of the information more than forty-eight hours prior thereto, he was tried again before a jury for the murder offense and convicted of murder in the

second degree. His motion for new trial was overruled and he has been sentenced on the murder charge to life imprisonment. He appeals from that conviction upon several grounds, one of which he urges should result in a reversal also of the felonious assault conviction previously affirmed.

This first contention of error involves appellant's waiver of a preliminary examination. The pertinent facts here are as follows: On July 14, 1962, while riding as a passenger in the back seat of an automobile on a public highway near the city of WaKeeney in Trego county, Kansas, appellant, an itinerant laborer with a sixth grade education, allegedly shot and killed Al Claycamp, a deputy sheriff of Trego county, and shot and wounded Chet McAtee, the sheriff of Trego county, driver of the automobile. After the shooting appellant and a girl companion fled on foot across the countryside. A three day manhunt by law enforcement officers and local citizenry extending over a wide area of western Kansas ensued. On the evening of the shooting the judge of the county court of Trego county, who was a nephew of the wounded sheriff, armed himself and joined the posse searching for appellant. He continued in the search for two days, meanwhile issuing a warrant for appellant's arrest.

On July 17, 1962, appellant was apprehended in a vacant farm building. He was taken immediately before the county judge upon return of the arrest warrant. Bail was fixed at $150,000.00 and his preliminary hearing was set for July 20, 1962. Upon that date appellant appeared again before the county judge, acting as examining magistrate, and appellant waived his preliminary hearing and was bound over to the district court of Trego county for trial upon the charges of murder of the deputy sheriff and felonious assault upon the sheriff.

Appellant alleges he did not learn that the county judge was a nephew of the Trego county sheriff or of his participation in the posse until after the first trial which is why he did not raise the question sooner. It was raised in the second trial in this way: Prior to his rearraignment appellant filed a motion to quash the information. This motion was argued and overruled. At the arraignment May 14, 1964, when called upon to plead appellant stood mute and a plea of not guilty was entered in his behalf and the case was set for trial. On July 13, 1964, appellant filed a plea in abatement calling attention among other things to the fact that

the county judge was a nephew of one of the alleged victims and a member of the posse.

Upon the hearing of this plea in abatement the county judge was called as a witness to testify as to what transpired at the July 20, 1962, hearing wherein appellant waived preliminary examination. He testified he fully advised appellant of his rights and of his right to counsel but that the court could not appoint counsel for him, and he further testified as follows:

"Q.  Alright, then what did you tell him?

·"A.  Then I told him that this was merely a preliminary hearing and that he could waive the preliminary hearing or else he would have to put on evidence and see whether there were grounds for him to be bound over to the District Court.

"Q.  Those are your exact words?

"A.  Similar to that effect, yes.

"Q.  Did you tell him that if the State failed to produce evidence sufficient to prove probably grounds *and* that this crime had been committed, that he would be acquitted?

"A.  No, sir."

The plea in abatement was overruled as were two other motions by appellant denominated Objection to Trial of Actions and Objection to Introduction of Testimony and trial was had. Based upon the three items mentioned—the relationship of the examining magistrate to one of the victims, his participation as a posse member and his misadvice contained in the aforesaid quotation—appellant argues there could be no valid waiver of his right to preliminary hearing because of the disqualification of the county judge to act in a judicial capacity and the failure to advise appellant correctly as to the law. With respect to the misadvice appellee argues that at the time the quoted testimony was given in district court it went entirely unnoted by counsel and the trial judge, hence it may have been inadvertently transcribed by the court reporter who lacked experience or that, if such statement was actually made, the county judge was referring to the county attorney when he testified "he" would have to put on evidence and see whether there were grounds for binding appellant over. There is ambiguity in the statement as recorded but we cannot indulge such inferences as urged by appellee, however plausible, and therefore treat the matter as misadvice on the law.

These three matters may be treated together. This court has frequently had occasion to rule as to the effect of irregularities in

the conduct of preliminary examinations, most recently in *State v. McCarther*, 196 Kan. 665, 414 P. 2d 59, where many of those decisions are reviewed. We find no decisions precisely touching the matter at issue here. We do have a line of cases holding that a defendant may not by plea in abatement challenge the qualifications of the examining magistrate (see *State v. Vernon King*, 190 Kan. 825, 378 P. 2d 147). We have another line of cases holding that the subject of preliminary hearing is no longer material after a defendant has waived such hearing, pleaded not guilty and gone to trial (see cases cited in *State v. McCarther*, supra). Although the rules in these cases might well be applied as a basis for denial of appellant's contention we think the unusual facts here warrant further consideration.

This court has repeatedly held that a preliminary examination is not a trial in the sense that word is ordinarily used. In the oft-cited case of *State v. Badders*, 141 Kan. 683, 42 P. 2d 943, it was pointed out that a preliminary examination is not judicial and that under our statutes authority to conduct it may be vested in persons other than courts, such as mayors (K. S. A. [then R. S.] 62-201; 62-601). In *State v. Cox*, 193 Kan. 571, 396 P. 2d 326, cert. den., 380 U. S. 982, 14 L. ed. 2d 276, 85 S. Ct. 1350, the purpose of a preliminary examination was indicated as follows:

"Its purpose is to determine whether an offense has been committed and whether there is probable cause for charging a defendant with the commission thereof. It is not a 'trial' in the ordinary sense of the word, and neither is it a trial in the sense that one may be found 'guilty.' A defendant is bound over for trial only when the state establishes that an offense has been committed and that there is probable cause for charging him with its commission—otherwise he is to be discharged." (p. 572.)

The object of a preliminary examination is not to determine guilt or innocence of the crime charged. The examining magistrate has no power to acquit but only the power to discharge from custody. Such discharge is not a bar to another examination (*State v. Jones*, 16 Kan. 608).

Although the state may have a legitimate interest in holding a preliminary examination, the provision for the same is primarily for the benefit of the accused. It is a protective procedure whereby a possible abuse of power may be prevented (*Whalen v. Cristell*, 161 Kan. 747, 173 P. 2d 252), to the end no person shall be detained for a crime where there is no evidence to support a charge against him (see 22 C. J. S., Criminal Law, §§ 331, 333 a., and 338).

We recognize that the right to a preliminary hearing (absent grand jury indictment or being a fugitive from justice) prior to being informed against in district court for felony is a positive right of an accused—the right not to be held in custody without probable cause. It appears, however, that if there is an irregularity in the holding of preliminary examination, or the waiver thereof, not amounting to complete abrogation of the right, the irregularity actually affects only the legality of the detention by the magistrate. Appellant does not tell us wherein he has been prejudiced by the waiver of the preliminary hearing or in the handling of his case by the examining magistrate. At the hearing on the plea in abatement where such showing could have been made no facts were produced establishing prejudice and we are unable to perceive any in fact resulting. The irregularities do not appear to bear in any way upon the waiver and appellant does not so contend. Nor are we prepared to say they were of such nature as to vitiate the subsequent trial in district court. That trial was upon the information filed in the district court upon evidence duly adduced. After two convictions by a jury not now challenged for insufficiency of evidence appellant is hardly in a position to contend want of probable cause for detention to answer the charges or that he was prejudiced by his waiver of this procedural safeguard. Hence under all the circumstances we hold the alleged irregularities do not operate to nullify the subsequent judgment and sentence imposed in either of appellant's convictions.

Next appellant urges the trial court erred in receiving in evidence against him an oral and a written confession. He contends the totality of the circumstances under which they were taken was such as to render them involuntary and therefore inadmissible. In substance he says they were taken soon after he was captured after being a fugitive for three days without food; that his body was covered with mosquito bites, and that he was led through a crowd of several hundred people who had gathered on the court house lawn to the Trego county jail where the first confession was taken. At the trial the officers witnessing the confessions and the accused testified at length as to the circumstances under which the confessions were made. Although there was some dispute as to the facts we think the evidence was amply sufficient for the court and jury to find, as they did, that the confessions were voluntarily made. The evidence did indicate accused was fed, given a bath, clothing

and medical attention immediately after his capture, that there were no threats of mob violence or coercion of any other kind, and that he was advised of and understood his rights against self-incrimination prior to his confessions. Even the testimony of the appellant respecting the presence of the crowd around the court house could not be construed to amount to intimidation or compulsion resulting in the confessions.

Allied with the foregoing appellant contends he was unconstitutionally denied right to counsel from the time of apprehension up to appearance in district court, relying on *Escobedo v. Illinois,* 378 U. S. 478, 12 L. ed. 2d 977, 84 S. Ct. 1758, and *Miranda v. Arizona,* 384 U. S. 436, 16 L. ed. 2d 694, 86 S. Ct. 1602. The facts here are quite different from those in *Escobedo* and the doctrine announced in *Miranda* need not be retroactively applied but is available only to persons whose trials began after the date of that decision, June 13, 1966 (*Johnson v. New Jersey,* 384 U. S. 719, 16 L. ed. 2d 882, 86 S. Ct. 1772). We decline to extend those rulings so as to make them applicable here. Under our law prevailing at the time of appellant's trial there was no denial of right to counsel (see *State v. Richardson,* 194 Kan. 471, 399 P. 2d 799).

Appellant next urges that one of the jurors was disqualified to serve by reason of the following questions and answers given on his *voir dire* examination:

"MR. GLASSMAN:

"Q. . . . At the present time, Mr. Leas, do you have an opinion as to whether or not the defendant is guilty or innocent of any crime?

"A. I am afraid I do.

"Q. You do have a fixed opinion?

"A. Well, you said an opinion.

"Q. Yes, you do have?

"A. I would have to say yes.

"Q. Would it require evidence to remove that opinion?

"A. Yes.

"Q. You think you could be fair and impartial in this case?

"A. I think so.

"Q. Do you think you could sit as a juror in this case and consider only the evidence presented in this courtroom during this trial and only that and nothing else?

"A. If chosen I would certainly attempt to.

"Q. I am sure you would attempt it Mr. Leas. I am asking you in good conscience whether you could now?

"A. Yes.

"Q. You could block out everything else you may have heard, or thought in the past?

"A. Well, I believe so.

"Q. Alright, and you could consider only what is presented in this courtroom in arriving at your verdict?

"A. Yes.

. . . . . . . . . . . . .

"Q. We will pass the juror."

Considered as a whole as they must be, these answers do not establish disqualification. Moreover, no challenge for cause was made against the juror, in fact, he seems to have been specifically accepted, and the matter is raised for the first time upon appeal. Prejudicial error does not lie here.

Appellant argues the district court of Ellis county was without authority to proceed with retrial of this case because this court's mandate directing retrial following the first appearance of the case here was not spread upon the records of the district court of Trego county where the case originated. This court's mandate was directed to and filed upon the records of the district court of Ellis county which was the trial court and the court from which the appeal was taken. Thus the mandate properly became a part of the judgment controlling in the conduct of any further proceedings in the case (K. S. A. 60-2106 [c]).

Appellant urges he was required to appear before the examining magistrate for preliminary hearing while wearing handcuffs. The county attorney disputes this asserting appellant was handcuffed only at the initial appearance before the magistrate upon return of the warrant immediately after his apprehension. If appellant's version in fact be correct we could not reverse his conviction merely because he waived preliminary examination while handcuffed (State v. Lewis, 19 Kan. 260).

Appellant attempts to inject a due process and denial of counsel aspect into the case from the fact that police officers and others not licensed to practice law were permitted to make statements to appellant as to his legal rights. Although ingeniously argued, we are not persuaded that any question of the unauthorized practice of law presents a justiciable issue in a criminal appeal.

During the pendency of this appeal this court has received two pro se communications from appellant complaining that his counsel was not presenting the question of double or former jeopardy to this court. Generally stated, this constitutionally imbedded doctrine

is that no person shall be tried more than once for the same crime. However, even if this issue were properly raised in the case, appellant misapprehends its application to his situation. At his first trial he was convicted of the offense of murder in the first degree. In the trial court he filed a motion for a new trial, which was denied, and he was sentenced. He appealed to this court and thereby obtained a new trial of the murder charge (*State v. Bloomer*, supra). An accused waives his right to plead double jeopardy when after conviction he applies for and is granted a new trial. The same rule applies to new trials granted by an appellate court, that is, on a new trial granted by an appellate court on appeal, an accused who obtained a reversal cannot plead as a bar to the prosecution the conviction which was reversed (22 C. J. S., Criminal Law, § 275). The rule applies particularly where a statute such as ours (K. S. A. 62-1602) provides that the granting of a new trial places the parties in the same position as if no trial had been had (*In re Christensen*, 166 Kan. 671, 203 P. 2d 258; *State v. Phillips*, 175 Kan. 50, 259 P. 2d 185).

The judgment and sentence are affirmed.

APPROVED BY THE COURT.