No. 47,573

Harry Jack Bloomer, *Appellant*, v. State of Kansas, *Appellee.*

(533 P. 2d 278)

Opinion filed March 1, 1975.

*Edward Larson*, of Hays, was on the brief for the appellant.

*Curt T. Schneider*, attorney general, and *E. Jay Deines*, county attorney, were on the brief for appellee.

*Per Curiam:* This is an appeal from a denial of a motion for release from custody pursuant to K. S. A. 60-1507.

Appellant stands convicted of assault with felonious intent and murder in the second degree. His first trial was for murder in the first degree and assault with felonious intent. The verdict was guilty on both counts. Upon appeal the assault conviction was affirmed, but a new trial was ordered on the murder charge. (*State v. Bloomer*, 192 Kan. 581, 390 P. 2d 29.) In the second trial the verdict was murder in the second degree. Upon appeal this conviction was affirmed. (*State v. Bloomer*, 197 Kan. 668, 421 P. 2d 58.)

Appellant then first sought relief under K. S. A. 60-1507, alleging he was denied counsel of his own choice from arrest to arraignment; that he was interrogated in the absence of counsel and the state manufactured a confession during the interrogation which was used against him in the trial. The trial court denied this motion stating that all the grounds alleged had been raised in his second direct appeal. Appellant did not appeal.

Later the present motion was filed, claiming error in the admission of evidence of a prior conviction during the second trial. The evidence was inadmissible, he says, because he did not have counsel at the time of the prior conviction, and because he had not put his character in issue. In denying the motion the trial court calls attention to the fact that the only evidence of the prior conviction was given by appellant's own testimony on direct examination, and by his mother testifying on his behalf. Appellant cannot predicate error on actions taken by him in his own defense. (*State v. Grider*, 206 Kan. 537, 479 P. 2d 818; *State v. Phippen*, 208 Kan. 962, 494 P. 2d 1137.)

The remaining issue raised by appellant goes to the lack of counsel at his preliminary hearing. This issue was fully considered by this court in the second direct appeal.

The judgment is affirmed.