KATE TOOTLE *et al.* v. R. J. BERKLEY.

No. 11167.

1. TRIAL JUDGE—*Free, Disinterested, Impartial, and Independent.* The purpose of the law is that no judge shall hear and determine a case in which he is not wholly free, disinterested, impartial, and independent.

2. ———— *Incapacitated by Having Been of Counsel—Revivor.* A judge who had been of counsel in a case in which a judgment was obtained for his client is incapacitated to hear and determine the matter of the revivor of such judgment, and especially where he is seeking to enforce an attorney's lien upon the judgment sought to be revived.

Error from Decatur district court; A. C. T. GEIGER, judge. Opinion filed April 8, 1899. Reversed.

*Waggener, Horton & Orr*, for plaintiffs in error.
*Richard S. Horton*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : This proceeding involves the validity of an order of revivor, and the subsequent action of the district court in refusing to set aside the order of revivor because the judge who made the order was disqualified to act in the case.

It appears that on March 8, 1892, R. J. Berkley recovered a judgment against Tootle, Hosea & Co. and other defendants for the sum of $2000, together with interest that had accrued for a period of about five years. In October, 1897, a motion was made to revive this judgment, it being alleged that it was wholly unsatisfied and had become dormant. The defendants being non-residents of the state, notice of the hearing of the motion was given by publication, and on December 3, 1897, a hearing was had before Judge

Geiger at chambers, and an order of revivor was made. Afterward, on December 3, 1897, a claim and notice of an attorney's lien was filed in behalf of Judge Geiger and his associate, in which it was stated that they had been attorneys for the plaintiff in the case and had obtained a judgment, and that for the conduct of two trials in the district court and two trials of the same cause in the supreme court they claimed a lien of $225. Shortly afterward, and on February 24, 1898, the defendants made a special appearance and moved the court, Judge Geiger presiding, to set aside the order of revivor upon the ground that the judge who made it had no authority to revive the judgment, for the reason that he was an attorney of record in the action at the time of the trial and when the judgment was obtained, and that by reason of his connection with and interest in the case he was disqualified to make the order which was made. This order was refused, except as to the representatives of two of the parties, who had died since the judgment was rendered, and the court then declared that the judgment revived at chambers on December 3, 1897, should be in full force and effect and stand revived as against all of the defendants except the two named. Exceptions were taken to these rulings, and the principal question presented in this review is whether a judge who had been of counsel in the case, and had assisted in obtaining the judgment, and who was seeking to enforce a lien upon the judgment for his services, could legally hear and determine a motion to revive the same.

None of the essential facts as to the disqualification of the judge is in dispute, and that he was disqualified is hardly open to controversy. Our statute expressly provides that a judge who is "interested or

has been of counsel in the case or subject-matter thereof" is disqualified to sit; and to prevent a failure of justice by reason of his disqualification provision is made for a trial before a judge or tribunal not disqualified to hear and decide the controversy. (Laws 1897, ch. 108, § 1; Gen. Stat. 1897, ch. 95, § 51.) If the statute were silent on the subject the judge would nevertheless be disqualified to act. It is a rule of the common law and a principle of natural justice that no man shall be judge in his own case or in one in which he may have a pecuniary interest. It has been said that "the learned wisdom of enlightened nations and the unlettered ideas of ruder societies are in full accordance upon this point." (*Insurance Co. v. Price*, 1 Hopk. Ch. 1.) The principle of law which incapacitates a person from being judge in his own cause is extended so as to disqualify a judge who may have been of counsel for one of the parties in the case. It is the purpose of the law that no judge shall hear and determine a case in which he is not wholly free, disinterested, impartial, and independent. "Next in importance to the duty of rendering a righteous judgment is that of doing it in such a manner as will beget no suspicion of the fairness or integrity of the judge." (12 A. & E. Encycl. of L. 40.)

In the present case the judge was not only of counsel in obtaining the judgment revived, but it appears that he had a direct and pecuniary interest in the revivor. The fee earned in procuring the judgment was unpaid, and its collection, it seems, largely depended upon the existence of the judgment. The claim or lien for attorneys' fees could not be enforced against a dormant judgment, but might be if the judgment were revived. It is true the amount of the fee was not large, but the law does not undertake to

Tootle v. Berkley.

fix the minimum of interest which might affect the minds of men who are differently constituted and situated, and so it prohibits a judge from sitting who has a direct and pecuniary interest in a case, however small or trifling it may be. ( *Pearce v. Atwood*, 13 Mass. 324; *Moses v. Julian*, 45 N. H. 52; *Oakley v. Aspinwall*, 3 N. Y. 547; 12 A. & E. Encyl. of L. 47.) *Limerick v. Murlatt*, 43 Kan. 318, 23 Pac. 567, is closely in point here. There, a justice of the peace was given a large number of promissory notes for collection under an agreement with the owner that actions were to be brought upon the notes before the justice if they could not be collected without suit, and in cases brought before him upon the notes he was to get no costs except what he could get from the defendants.  It was held that the agreement between the justice and the owner of the notes made the justice an interested party in the result of the actions, and therefore disqualified him to act as a justice of the peace in the trial of the cases.  The interest of the justice in these cases was inconsiderable in amount, but as he had a direct financial interest in each case it was deemed sufficient to disqualify him.

It is generally held that the rule of disqualification should not have a narrow or technical construction, but should rather be broadly applied in all cases where one is called upon to act judicially or to decide between conflicting rights.  There was no necessity to trench upon the rule in this case as ample provision is made by statute for the hearing of the matter before a judge who is qualified; and certainly it cannot be claimed that a proceeding to revive a judgment is a mere formality, or so inconsequential as to except the case from the operation of the rule.  No improper motive is imputed to the judge in reviving the judg-

29—60 KAN.

ment, but the motive with which it was done is not controlling. Although he was not conscious of any prejudice or bias, he was clearly disqualified upon two grounds, and he should have declined to sit in the case. No litigant should be compelled to submit the determination of his rights to a judge who has a direct and pecuniary interest in the controversy, and as the order of revivor was made without authority, it is without force or validity.

The rulings of the trial court will be reversed and the cause remanded for further proceedings.