No. 46,129

STATE OF KANSAS, *Appellee,* v. NATHANIEL WHITERS, *Appellant.*

(481 P. 2d 992)

Opinion filed March 6, 1971.

*Brian Moline,* of Wichita, argued the cause and was on the brief for appellant.

*James W. Wilson,* deputy county attorney, argued the cause, and *Kent Frizzell,* attorney general, *Keith Sanborn,* county attorney, and *James Z. Hernandez,* deputy county attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from a conviction of possession of marijuana as provided in K. S. A. 65-2501 (18), and 65-2502.

On June 8, 1968, Robert Ingram, an undercover agent for the Federal Bureau of Narcotics and Dangerous Drugs, along with one Max Snodgrass, an informant, went to appellant's residence at 1145 North Volutsia, in Wichita, for the purpose of purchasing marijuana, which Snodgrass was able to do.

On June 27, 1968, both parties returned to and entered appellant's residence and spoke to him concerning the purchase of marijuana. The appellant stated he did not have any at that time. When asked what type of "grass" he had sold Snodgrass on June 8, the appellant replied "Mexican grass."

On June 28, 1968, a search warrant was obtained and police detectives went to the appellant's residence. When informed by the officers they had a warrant to search his house, the appellant's only response was that he had quit "the stuff." The kitchen was searched and a brown paper sack containing marijuana in a rough stage was found on a canister set. Without revealing the contents of the sack to the appellant, a detective asked him if he knew what was in it, and the appellant replied, "[i]t must be the stuff some of my friends

left." The names of the friends were not mentioned to the detective. A further search of the kitchen resulted in some marijuana particles being found on the floor. Also, in the area where the brown paper sack containing marijuana was found, there were four empty match boxes, two packages of cigarette papers, and a cigarette roller. Those items were known to the detectives to be paraphernalia common to selling marijuana. A search of an adjacent recreation room revealed a small cardboard box between the ceiling rafters containing leaves and seeds which appeared to be marijuana. It should be noted that the match boxes found in the appellant's kitchen were similar to the match box in which the appellant sold marijuana to Snodgrass on June 8, 1968.

The appellant first contends his character was placed before the jury through the testimony of Agent Ingram in violation of K. S. A. 60-447. The testimony related to the conversation between the parties at the appellant's residence on June 27, 1968, as follows:

"Mr. Snodgrass asked Mr. Whiters if he had any marijuana for sale. And Mr. Whiters said, no, that he didn't. I asked Mr. Whiters if he knew anybody else who did. Mr. Whiters said that there was not much marijuana around at that time. And I told Mr. Whiters that I was with Mr. Snodgrass the last time (June 8, 1968) that he had come to the house and purchased marijuana from him. I reminded Mr. Whiters on that occasion that they had rolled the car down the driveway and that we had given it a push. And Mr. Whiters said that he remembered the occasion. And I asked Mr. Whiters if that was Mexican or local marijuana that he had sold on that occasion. And he said that—that he'd sold Mr. Snodgrass Mexican—Mexican grass is what he called it, grass for marijuana. And I told him it sure was good marijuana and I wished I could get some more. And he said that he was sorry, he was out of it. . . ."

The appellant concedes the state relied on K. S. A. 60-455 to introduce the testimony into evidence, but urges its provisions are to be read in conjunction with K. S. A. 60-447, which prohibits evidence of the defendant's character from being introduced unless the defendant first places his character in issue. The contention cannot be sustained.

To accept the appellant's argument would be to completely disregard the provisions of K. S. A. 60-455. That section prohibits proof of the defendant's disposition to commit a crime as the basis for an inference that he committed another crime on a specific occasion. Where, however, such evidence is relevant to prove another issue, it is admissible. And it is admissible to prove some other material fact, including motive, intent, plan, identity

or absence of mistake or accident, despite the general provision of exclusion. (*State v. Jarvis,* 201 Kan. 678, 681, 682, 443 P. 2d 272; *State v. Fabian,* 204 Kan. 237, 461 P. 2d 799.)

Thus where evidence legitimately tends to support the charge or show the intent with which committed, it is not to be excluded on the ground that it will prove another offense. (*State v. Wright,* 194 Kan. 271, 398 P. 2d 339.) What better way to establish the intent, plan and motive of the appellant in possessing marijuana on June 28, 1968, than to show his possession and sale on June 8, 1968, three weeks earlier!

The admission of such evidence is always subject to the discretion of the court. (K. S. A. 60-445.) In furthering the intent of 60-455, the district court instructed the jury as to the limited purpose of Agent Ingram's testimony, as follows:

"You are instructed that evidence has been admitted in this case to show the commission of the defendant of another offense similar to that charged in the information. . . . You are instructed that you are not to consider such evidence as the basis for an inference that he committed the crime charged in this case. Such evidence may be considered by the jury for the purpose of determining the motive, opportunity, intent, preparation plan, knowledge, identity or absence of mistake or accident."

In view of the instruction explaining the purpose for which the evidence was admitted, there was no prejudice to the appellant's substantial rights. The district court did not err in admitting the testimony of Agent Ingram. (*State v. Kowalec,* 205 Kan. 57, 468 P. 2d 221; *State v. Roth,* 200 Kan. 677, 438 P. 2d 58.)

The appellant next contends that in his closing argument to the jury, the county attorney commented on the failure of the appellant to explain to the police at the time of his arrest the presence of marijuana in his house, and only at the trial did he attempt an explanation.

The appellant testified on his own behalf on direct examination that on the day of his arrest some of his friends had visited at his house. He did not remember all of their names, nor where they lived. He testified the sack containing marijuana had not been in his house prior to the visit of his friends, thereby inferring the friends had left the marijuana. There was no corroboration of the appellant's testimony.

The evidence clearly establishes a willingness on the part of the appellant to give one story at the time of his arrest, and a different and more refined story at his trial. On cross-examination

the county attorney had the right to inquire of, or refute, the appellant's explanations, since no such explanations were offered at the time of arrest. Moreover, the county attorney could properly test his credibility, his integrity and character, and the appellant cannot complain because he was subjected to the same inquires as other witnesses. (*State v. Wade,* 206 Kan. 347, 479 P. 2d 811; *State v. Jackson,* 201 Kan. 795, 443 P. 2d 279, cert. den. 394 U. S. 908, 22 L. Ed. 2d 219, 89 S. Ct. 1019.)

The primary purpose of closing argument is to enlighten the jury so it may render a correct verdict. In *State v. Potts,* 205 Kan. 47, 468 P. 2d 78, it was held:

"In summing up a case before a jury, counsel may not introduce or comment on facts outside the evidence, but reasonable inferences may be drawn from the evidence and considerable latitude is allowed in the discussion of it in which he may use illustrations and appeal to the jury with all the power and persuasiveness which his learning, skill and experience enable him to use." (Syl. ¶ 7.)

Misconduct of the prosecutor in closing will not always require a new trial unless such misconduct has resulted in prejudice to the extent accused is denied a fair trial. (*State v. Gauger,* 200 Kan. 515, 438 P. 2d 455; *State v. Miller,* 204 Kan. 46, 460 P. 2d 564.)

The record shows the county attorney's closing argument was directed to facts already in evidence. His remarks were directed to the inconsistencies in the appellant's explanation at the time of his arrest and of his testimony at the trial. We conclude they were not improper.

No error appearing, the judgment is affirmed.