No. 46,505

The State of Kansas, *Appellee*, v. Ronald E. Martin, *Appellant*.

(495 P. 2d 89)

Opinion filed March 4, 1972.

*G. Edmond Hayes*, of Wichita, argued the cause and was on the brief for the appellant.

*Reese C. Jones*, Deputy County Attorney, argued the cause, and *Vern Miller*, Attorney General, and *Keith Sanborn*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: The defendant, Ronald E. Martin, was convicted of aggravated robbery and aggravated assault. He has appealed.

One question, only, is presented on appeal: Did the trial court err in failing to instruct the jury as to the limited purposes for which an independent offense may be considered under K. S. A. 60-455? An understanding of this question requires a brief recital of the evidence disclosed by the record.

The victim was a Wichita resident who became depressed because his wife had left him. Seeking solace, he became engaged in a three-day session with John Barleycorn. On the evening of

the third day he felt the urge to travel and procured a taxicab about 10:30, in which he began his peregrinations, still taking a nip now and then. About 2:00 in the morning he changed cabs.

As the driver of the second cab helped him make the change, the victim said he wanted a woman to come over to his house and help him clean up and cook him a steak. At this time he appeared to be inebriated. The cab driver obligingly took him to a place on Murdock where they met Edna Edwards, Jr., Martin's co-defendant. Edwards was given a ten-dollar bill to find a girl and the three men proceeded to the 1100 block on Broadway where Mr. Edwards left the cab and returned in a short time with two women and a man. The girls got into the cab which was then driven to the victim's home. At this point the two girls, the victim and the cab driver all entered the house. A couple of minutes later, while a check was being written to pay the taxi fare, the two girls left the house but the cab driver remained and cooked some food while the victim continued to imbibe.

About 4:45 the same morning the defendant and a girl appeared at the door of a house just five or six locations from where the victim lived, while a second man lurked in the background. They awoke the neighboring householder who went to the door and was asked where the heavy-set fellow was. The householder responded that no heavy-set man was there. The couple kept insisting, however, and the woman said she had been there earlier that evening. Finally, the defendant struck the unsuspecting householder twice, the final blow hitting his nose and causing it to bleed. Thereupon the householder prudently closed the door.

Between 4:45 and 5:00 the defendant Martin, together with Edna Edwards, Jr., and the two women, appeared at the victim's home where all four were admitted. An attack upon the victim ensued during which he was knocked to the floor and stabbed several times with a knife. Thereafter, the quartet took French leave, taking with them various items of property and a considerable sum of money.

At the trial, evidence was introduced of Martin's early morning visit to the neighboring home and of Martin's assault upon the man who lived there. The defendant contends this evidence related to an independent offense, that it was only admissible under the provisions of K. S. A. 60-455, as tending to prove motive, identity, intent, plan, opportunity, etc., and that an instruction

should have been given to the effect that such evidence could be considered only for those limited purposes. In support of this position the defendant cites our recent case of *State v. Roth*, 200 Kan. 677, 438 P. 2d 58, wherein we held that a limiting instruction must be given, even without request, when evidence of an independent offense is introduced for purposes set forth in K. S. A. 60-455.

On the other hand, the state maintains that evidence of the attack upon the nearby householder was admissible in its own right as bearing directly on the crimes with which Martin was being tried. Accordingly the state argues that no limiting instruction was required to be given in this case.

We believe the state's position is correct. The defendant's visit to the neighbor's home looking for the heavy-set man, a description which we are advised fit the victim, and the defendant's unprovoked battery upon the hapless gentleman who opened the door are part and parcel of the sequence of events leading directly to the assault and the robbery which occurred a few minutes thereafter. This evidence had relevance other than as to character or disposition; it possessed evidential value to show commission of the crimes themselves, and was admissible for that purpose.

K. S. A. 60-455 does, it is true, prohibit proof of a defendant's disposition to commit crimes as a basis for an inference that he committed an offense on a specific occasion, except where such evidence is admissible to prove some relevant fact such as motive, intent, plan, etc. (*State v. Whiters*, 206 Kan. 770, 481 P. 2d 992.) This, however, is not to say that evidence directly relating to the commission of the offense charged is not independently admissible —and without limiting instructions—even though it could also have been admitted under 60-455 for limited purposes. Even though evidence may be inadmissible on the issue of character, it may be relevant otherwise—and thus be admissible.

The admissibility of evidence tending directly to establish a crime is not destroyed because it discloses the commission of another and separate offense. Such is the rule generally and it has long been followed in this jurisdiction. In the early case of *State v. Folwell*, 14 Kan. *105 [2d Ed. 88], this court held:

"Testimony is admissible that tends directly to prove the defendant's guilty of the crime charged, although it may also tend to prove a distinct felony, and thus prejudice the accused." (Syl. ¶ 1.)

More recent cases expound the same principle. In *State v. Crowe,* 207 Kan. 473, 475, 486 P. 2d 503, the court enunciated the rule in this fashion:

". . . Evidence otherwise relevant in a criminal prosecution is not rendered inadmissible because it may show another or a greater crime than that charged . . ."

The subject is treated in 1 Wigmore on Evidence, 3d Edition, §§ 215-218, pp. 710-719.

Evidence of what occurred at the neighbor's home that morning was relevant to the commission of the offenses charged against the defendant in more than one respect. It placed the defendant and his female companion, who had been in the victim's home a short time before, within the immediate vicinity of the crimes which were committed and with which the defendant was charged. It provided the basis for a reasonable inference that both the defendant and the woman were searching for the victim. It tended also to establish identity, intent and motive; and it negatived mistake.

In short, it is our belief that the testimony of the innocent householder who was so wantonly and inexcusably attacked was admissible independently of K. S. A. 60-455, and that no error was committed by the court in admitting the same without a limiting instruction.

The judgment of the trial court is affirmed.