No. 47,156

ROBERT SHERMAN OSWALD, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(519 P. 2d 624)

Opinion filed March 2, 1974.

*Laurence R. Hollis,* of Merkel & Pinkerton, Chartered, of Wichita, argued the cause, and *James L. Pinkerton* and *Cecil E. Merkel,* of the same firm, were with him on the brief for the appellant.

*Clifford Bertholf,* Assistant District Attorney, argued the cause, and *Vern Miller,* Attorney General, and *Keith Sanborn,* District Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal by petitioner in a proceeding under K. S. A. 60-1507 wherein the trial court denied relief following an evidentiary hearing.

Petitioner was convicted of larceny in connection with the theft of automobile tires from a Goodyear store in Wichita. On direct appeal to this court his conviction was affirmed. (*State v. Oswald,* 197 Kan. 251, 417 P. 2d 261.) Subsequent to the disposition of the direct appeal petitioner filed a 60-1507 motion *pro se.* The motion was summarily denied but the record is silent as to the issues raised.

On July 15, 1971, petitioner filed a second 60-1507 motion and a hearing thereon was commenced on the same date. At this hearing petitioner was represented by Stephen B. Millin, a mem-

ber of the Missouri bar, who was permitted by the trial court to appear on behalf of petitioner without compensation. Ernest Mc-Crae, a member of the Wichita bar, was associated with Millin as local counsel only. In this second motion petitioner alleged that he had been denied effective assistance of counsel at the original trial.

For reasons not appearing in the record, the motion was heard only in part on July 15, 1971, and continued to September 17, 1971. After another partial hearing the matter was again continued to November 12, 1971, at which time the following colloquy transpired:

"The Court: Mr. Millin, you indicated this morning that you would possibly have an hour examination. We have been going an hour and 20 minutes. Do you have any idea how long you are going to be?

"Mr. Millin: Yes, I could be quite a while yet.

"The Court: How long?

"Mr. Millin: Depends on the future rulings that come about. I would say it would take another hour, Sir.

"The Court: We'd better take a recess right now. I have to see the administrative judge.

"Mr. Millin: All right Sir.

"The Court: You may let the record show that the Court has determined that it will not proceed further in this matter until Mr. Millin has local counsel present

.   .   .   .   .   .   .   .   .   .   .   .   .

"Mr. Millin: Your Honor, Mr. McCrae—did I understand Your Honor in chambers to state—I wanted to recite that in the record—that Your Honor will not allow me to present—to go any further in this case and that the questions have to be presented by the local counsel? Or is the court's ruling merely that the local counsel has to be present?

"The Court: I am going to require that he present the matter.

.   .   .   .   .   .   .  .   r•1   r•1   r•1   r•1   c•1   r•1

"Millin: Is the state requesting that local counsel be present, or is this on the court's own motion?

"The Court: This is on the court's own motion."

The court further indicated that the hearing would be continued to a later date. Millin objected to the continuance but the court overruled the objection. The trial court's interruption of Millin's examination of the witness and the ordering of a continuance, over Millin's objection, are urged on appeal as abuse of discretion amounting to reversible error. The matter was continued to December 22 at which time McCrae was permitted to withdraw and Orval Fisher was appointed as local counsel.

On December 29, 1971, the hearing was reconvened with Mr.

Fisher present as local counsel for petitioner. Although he was advised of the hearing date, Millin did not appear. The record is replete with statements by Fisher at the hearing that he agreed to enter the case as local counsel only; that he was not prepared to actively represent petitioner; and that petitioner indicated he did not want Fisher to represent him. Fisher requested a continuance for the purpose of reviewing the transcript or, in the alternative, that Millin be given the opportunity to participate in the remainder of the hearing. The trial court indicated it understood Fisher's position, but permitted the state to proceed. Fisher did not cross-examine the state's remaining witness nor did he present any closing argument summing up the claims of petitioner. At the conclusion of the hearing, the trial court found petitioner was not entitled to relief and overruled his motion.

On January 7, 1972, petitioner filed a motion for a new hearing or discharge alleging the court erred in its conduct of the prior hearings. This motion was heard on January 21, 1972, with both Millin and Fisher appearing and presenting arguments on behalf of petitioner. When this motion was overruled petitioner perfected the instant appeal.

Two points of error are raised by petitioner, both go to the underlying issue before us on appeal—whether petitioner was afforded a fair hearing on his motion. Petitioner first contends that the trial court erred in refusing to grant a continuance as requested at the December 29 hearing and allowing the state to proceed while petitioner was represented only by unprepared local counsel.

Concerning Mr. Fisher's lack of preparation on December 29, the following colloquy appears:

"Mr. Fisher: In connection with the record and in counsel's announced purpose to call witnesses I assume that the previous record is clear, although I want it to be perfectly clear that I know nothing about what has transpired.

"While we were waiting to convene, Your Honor's reporter got the citation of the Supreme Court case, the direct appeal, which I was in the process of reading; but I understand that Mr. Millin considers that because of the interruption of the hearing or the convening it about 3:30 before, that it is a hopeless matter, he says, for him to come down. I am not capable of cross examining witnesses, and if Your Honor proceeds, I want the record to show that I merely sit here as local counsel and that the man is not represented as far as an attorney who is prepared and qualified to cross examine witnesses which Mr. Sanborn might introduce.

"Mr. Sanborn: Your Honor, the nature of this testimony, I think, will disclose itself that no amount of preparation would be required to cross examine Mr. Ratner.

"The Court: You may call your witness."

This court has long recognized the rule that the granting or refusal of continuances rests within the sound discretion of the trial court, subject only to the limitation that this court will review alleged abuse of such discretion. (*State v. Williamson,* 210 Kan. 501, 502 P. 2d 777; *Fouts v. Armstrong Commercial Laundry Distributing Co.,* 209 Kan. 59, 495 P. 2d 1390; and *State v. Weigand,* 204 Kan. 666, 466 P. 2d 331.) Under the circumstances attending the December 29 hearing, the trial court's refusal to grant a continuance operated to deny petitioner the effective assistance of counsel.

With regard to procedures applicable to 60-1507 motions Supreme Court Rule No. 121 (*i*) (209 Kan. xl) reads:

"If a motion presents substantial questions of law or triable issues of fact the court shall appoint counsel to assist the movant if he is an indigent person."

The reasons for the inclusion of subsection (*i*) in our Rule No. 121 are pointed out and discussed in our opinion in *Stahl v. Board of County Commissioners,* 198 Kan. 623, 426 P. 2d 134, wherein we stated:

"Considering both *Gideon* (*Gideon v. Wainright,* 372 U. S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792) and *Lane* (*Lane v. Brown,* 372 U. S. 477, 9 L. Ed. 2d 892, 83 S. Ct. 768) in context, this court concluded that in post-conviction proceedings had under K. S. A. 60-1507, due process required that counsel be appointed to assist indigent prisoners at the trial whenever substantial questions of law or triable issues of fact were presented. Accordingly, subsection (*i*) was made a part of Rule No. 121." (p. 625.)

In the instant case the trial court evidently considered petitioner's motion to be of sufficient merit to require an evidentiary hearing and the appointment of counsel. The issue of the adequacy of trial counsel when raised in a 60-1507 proceeding, if supported by factual allegations and the designation of witnesses, may pose a substantial question necessitating an evidentiary hearing and the appointment of counsel. (*Floyd v. State,* 208 Kan. 874, 495 P. 2d 92; *Ray v. State,* 202 Kan. 144, 446 P. 2d 762; and *Stahl v. Board of County Commissioners,* supra.) While we were considering the constitutional right of an accused to trial counsel in *Ray v. State,* supra, we believe what was said and held therein concerning adequacy of counsel is pertinent here:

"The constitutional right to counsel is not a matter of form, but one of substance; it is a right which contemplates the guidance of a responsible, capable lawyer devoted to his client's interests, and possessed of opportunity to become acquainted with both the law and the facts pertaining to the case against the accused." (Syl. ¶ 3.)

Mr. Fisher had been appointed shortly before the December 29 hearing; he informed the court that his understanding was that he was only to act as local counsel; that petitioner did not desire his representation; and that he was unprepared to conduct the hearing. The trial court's refusal to grant a continuance at Mr. Fisher's request, followed by the court's insistence that the hearing proceed, notwithstanding Mr. Fisher's statements, frustrated the purpose of Rule No. 121 (*i*) and operated to deny petitioner the effective assistance of counsel.

Petitioner's second contention is that the trial court abused its discretion when it interrupted the November 12 hearing and ruled on its own motion that petitioner's chosen counsel would not be permitted to proceed with the active presentation of the case.

K. S. A. 7-104 sets forth the conditions whereby an attorney admitted to practice in another state may appear before the courts or administrative agencies of this state. The statute provides in pertinent part that an out-of-state attorney:

". . . may, on motion be admitted to practice for the purpose of said business only, in any of said courts, tribunals or agencies, upon taking the oath as aforesaid and upon it being made to appear by a written showing filed therein, that he has associated and personally appearing with him in the action, hearing or proceeding an attorney who is a resident of and duly and regularly admitted to practice in the courts of record of this state, upon whom service may be had in all matters connected with said action, hearing or proceeding, with the same effect as if personally made on such foreign attorney, within this state, and such foreign attorney shall thereupon be and become subject to the order of, and amenable to disciplinary action by the courts, agencies or tribunals of this state: . . ."

K. S. A. 7-104 is supplemented by Supreme Court Rule No. 109 (209 Kan. xxxvi) which reads:

"An attorney regularly practicing outside of this state and in good standing as a member of the Bar of the place of his regular practice may be recognized as an attorney by the courts, commissions, and agencies of this state, for any action or proceeding, but only if he has associated with him as attorney of record in such action or proceeding a member of the Bar of this state qualified under the provisions of K. S. A. 7-104, upon whom service may be had in all matters connected with such action or proceeding proper to be served upon an attorney of record."

Petitioner insists that there is nothing in these provisions which requires local counsel to actively present the case in person. We agree. Members in good standing of the bar in other states are, of course, welcome to appear before the courts and administrative agencies of this state, but association with Kansas counsel as re-

quired by 7-104 is absolutely essential for the reasons stated therein.
(*Fouts v. Armstrong Commercial Laundry Distributing Co.*, supra.)
This does not mean, however, that the trial court is required to
forego its inherent discretionary powers to discipline or control
out-of-state counsel where the exigencies of the situation so dictate.
The statute in question specifically subjects any foreign attorney
appearing in this state to the disciplinary powers of the court,
agency, or tribunal before which he appears. In the instant case
the trial court made the following statement at the December 29
hearing with regard to the reasons for interrupting Millin on
November 12:

"I think the record of the previous hearing, the last previous hearing prior
to this one, will adequately reflect the position of the Court with regard to
permitting Mr. Millin to continue. I felt that we were not accomplishing
anything. We were on the third day of testimony in this matter, and the
retained counsel was not asking questions, he was making speeches; and I
did inform him that I would not hear anything further until local counsel
was present. I think I made that crystal clear at the last hearing."

The record of the November 11 hearing, which we have pre-
viously quoted, however, reflects that the trial court not only re-
quired the presence of local counsel, but that he should present
the matter.

The record is completely silent as to the nature of Millin's al-
leged speeches and does not indicate whether the trial court warned
him or otherwise attempted to limit the scope of counsel's inquiry.

It appears that Mr. Millin may well have been testing the pa-
tience of the court, but the abrupt interruption on the court's own
motion of Millin's conduct of the hearing because of the absence
of local counsel effectively deprived petitioner, in part at least,
of his day in court. This should in no wise be interpreted as an
aberration of the rule that control of counsel's conduct of the case
is within the sound discretion of the trial court. Furthermore, this
court is not considering the question whether the trial court could
have properly required local counsel's physical presence at the
hearing as opposed to its ruling that local counsel would be re-
quired to actively conduct the presentation of the case.

Although it appears that some of petitioner's troubles may stem
from the conduct of his own out-of-state counsel and even though
the charges of ineffective trial counsel set forth in his motion may
seem improbable, he is entitled to a fair and complete hearing.
In view of a majority of this court, the interruption of the pro-

ceedings on November 11, coupled with the refusal to grant a continuance on December 29 under the circumstances surrounding both occasions amounts to an abuse of discretion on the part of the trial court which necessitates a rehearing.

The judgment is reversed with directions to grant a new hearing of petitioner's motion.

FROMME, J., dissenting.