No. 47,585

STATE OF KANSAS, *Appellee,* v. RICHARD D. RALLS, *Appellant.*

(533 P. 2d 1294)

Opinion filed April 5, 1975.

*Ernest H. Moulos,* of Moulos & Rees, of Wichita, argued the cause and was on the brief for the appellant.

*Clifford L. Bertholf,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Keith Sanborn,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal from a conviction for aggravated robbery (K. S. A. 21-3427) and two counts of kidnapping (K. S. A. 21-3420). The charges arose out of a robbery of a grocery store in Wichita, Kansas. Defendant claims procedural errors in the trial court, stressing error in admitting a confession.

On November 29, 1973, the Wichita police were summoned to a Mr. D's grocery store after receiving notification that the store's silent alarm had been set off. Upon arriving at the store, the police officer observed that a robbery was in progress and he immediately called for assistance. In the meantime, defendant and his accomplice, Johnny Crouch, had forced the store owner at gunpoint to open the safe and turn over its contents. When the robbers realized the police had arrived they both fled to the back of the store. By this time four police officers were at the scene and were able to free the store owner and a customer who had been tied by the robbers. The police then worked their way toward the back of the store where defendant and Crouch were hiding. As the officers moved toward the back, Crouch voluntarily surrendered himself and was taken into custody. With the permission of the police Crouch tried to talk to

defendant who was still hiding. Unable to get defendant to give himself up, the police threw a tear gas canister under the double doors of the back room area where it exploded. They attempted to shoot a second tear gas canister into the back room, but it hit the doors and fell to the floor. Approximately five minutes later the defendant succumbed to the effects of the tear gas and surrendered.

Within seconds, defendant was handcuffed and taken outside the store where he was advised of his constitutional rights. After acknowledging that he understood these rights and was willing to talk, the officers elicited statements from defendant relating to the vehicle used in the robbery. Further questioning of defendant took place at the police station shortly thereafter. After signing a written waiver of rights, defendant made a full confession of the crime.

Defendant was arraigned on November 29, 1973, the same day he was arrested. His preliminary hearing was set for docket call on December 5, 1973, and eventually for hearing on December 12, 1973. On December 12, defendant requested a continuance which was granted. His case was reset for December 29, 1973, at which time he was bound over to district court.

Prior to his trial, defendant filed a motion to suppress all testimonial evidence that was the result of his in-custody interrogation. A *Jackson v. Denno* hearing was held and defendant's motion was overruled.

As defendant's first point on appeal he contends the trial court erred in admitting into evidence the confessions and statements challenged by his motion to suppress. In support of his claim defendant argues the confession was obtained while he was under the influence of tear gas, and therefore any statements made by him were not freely and voluntarily given. Although defendant does not provide a record of the preliminary proceedings, testimony of various witnesses at the trial is sufficient to dispose of this issue.

It is a general rule of appellate review that error is never presumed on appeal, and the appellant has the burden of establishing affirmatively that error has been committed. (*State v. Darling*, 208 Kan. 469, 493 P. 2d 216.) When the trial court determines the admissibility of a confession by a defendant, this determination will not be disturbed on appeal if it is supported by competent evidence. (*State v. Kimmel*, 202 Kan. 303, 448 P. 2d 19.)

To support his contention defendant cites testimony of various witnesses which established tear gas in the store was "fairly thick";

one police officer was taken to the hospital because of its effects, and defendant was affected by the tear gas. On direct examination defendant testified that during the period he was being questioned by the police he was suffering from a running nose, watering eyes, and a headache. The state admits defendant was affected by the tear gas, yet it points out there was no testimony by the defense as to his condition at either of the times defendant waived his constitutional rights.

Whether a confession is freely or voluntarily given depends upon a consideration of the totality of circumstances, and where there is a genuine conflict in the evidence, great reliance must be placed upon the finder of fact. (*State v. Harden*, 206 Kan. 365, 480 P. 2d 53.) Based on the evidence presented at trial, we cannot say the trial court erred in permitting defendant's confession to be admitted into evidence.

Defendant objects to the admission of testimony as to a statement made by Crouch at the scene of the crime. On the direct examination of police officer Goens, the following conversation took place:

"Q. Now, after Mr. Crouch was arrested, was there any attempt made to communicate with any other person that might have been in the back of the store?

"A. Yes, sir, Mr. Crouch advised me that he felt—

"MR. MOULOS: I object. I believe that is hearsay, I don't believe Mr. Crouch is present here.

"THE COURT: Well, it's part of the res gestae. It is an exception. The objection is overruled."

"Q. You may answer.

"A. He advised me that he could talk, or he felt that he could, to the other individual in the back room outside. So, I proceeded to take him to the rear of the store and let him talk to the individual in the back room.

"Q. Was there any answer to his inquiry?

"A. No, sir."

As the record discloses, defendant objected to the introduction of this statement on the ground it would be hearsay and inadmissible in that Crouch was not present and available for cross-examination. The trial court overruled defendant's objections for the reason the statement was part of the *res gestae* and therefore fell within one of the exceptions to the hearsay rule.

Hearsay evidence is defined in K. S. A. 60-460, as "[e]vidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated." If the testimony is not offered to prove the truth of the matter asserted

it is not objectionable as hearsay. (*State v. Trotter*, 203 Kan. 31, 453 P. 2d 93.) As this court pointed out in *State v. Oliphant*, 210 Kan. 451, 502 P. 2d 626, the rationale behind the hearsay rule is that when a statement is offered as proof of the fact asserted, we are necessarily interested in the credibility of the out-of-court declarant and should require the statement to be made on the stand subject to the test of cross-examination. When the extrajudicial statement is offered without reference to the truth of the matter asserted, we are no longer interested in the credibility of the declarant and the hearsay objection no longer applies.

Viewing the challenged testimony in light of these principles we agree defendant's objection was properly overruled. The testimony was not inadmissible as hearsay evidence for the reason it was not offered to prove the truth of the matter asserted. The only statement of Crouch offered into evidence was that he felt he could talk to the defendant in the back room. From the context in which the testimony was elicited, it is clear the utterances were nontestimonial in character, and offered simply as an explanation of the actions taken by the police in permitting Crouch to go to the rear of the store and talk to defendant.

Defendant also contends the trial court erred in proceeding with the trial in the absence of a material witness for the defendant. The record indicates that at the end of defendant's evidence he requested a recess until afternoon in order to secure the presence of a witness subpoenaed earlier that morning. The trial court granted the recess and sent a deputy sheriff to serve the witness and bring her to court. When the court reconvened, counsel for defendant notified the court he was unable to locate the witness and the defense was ready to rest its case. No further request for a recess or continuance was made by defendant.

The granting of a continuance is within the sound discretion of the trial court. (*State v. Williamson*, 210 Kan. 501, 502 P. 2d 777; *Oswald v. State*, 214 Kan. 162, 519 P. 2d 624.) Since defendant did not request a continuance, but indicated to the contrary that he was resting his case, there was no abuse of discretion on the part of the trial court.

Defendant's final point relates to the timeliness of the preliminary hearing. He states he was denied due process of law in that his preliminary hearing was not held within ten days after his arrest. In support of his argument defendant cites K. S. A. 22-2902,

which requires a preliminary hearing be held within ten days of arrest or personal appearance. The state concedes defendant was arrested and arraigned on November 29, 1973, and the preliminary hearing was scheduled for December 12, 1973, at which time defendant requested a continuance. In a series of cases we have held that any claimed irregularities pertaining to the preliminary examination and/or preliminary hearing are waived when a defendant represented by counsel enters a plea of not guilty and goes to trial on the information. (*State v. Freeman*, 198 Kan. 301, 424 P. 2d 261; *Portis v. State*, 195 Kan. 313, 403 P. 2d 959; *State v. Osburn*, 171 Kan. 330, 232 P. 2d 451; *State v. Wallgren*, 144 Kan. 10, 58 P. 2d 74; and *State v. Perry*, 102 Kan. 896, 171 Pac. 1150.) We see no reason to depart from this rule. The purpose of a preliminary hearing is to determine whether there is probable cause to bind a defendant over for trial, and any claim of error based on a dilatory preliminary hearing cannot be raised after trial and conviction of the accused.

No error is shown and the judgment of the trial court is affirmed.

FROMME, J., not participating.