No. 48,059

STATE OF KANSAS, *Appellee*, v. ROBERT M. SOLEM, *Appellant*.

(552 P. 2d 951)

Opinion filed July 23, 1976.

*Donn J. Everett,* of Everett, Seaton and Peck, of Manhattan, argued the cause, and *John C. Peck,* of the same firm, was on the brief for the appellant.

*Edward W. Pugh,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Judith McKee,* legal intern, were with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: Defendant Robert M. Solem appeals from his conviction in the district court of Pottawatomie county, Kansas, for the sale of an hallucinogenic drug (K. S. A. 1975 Supp. 65-4127b [*b*] [3]) and possession of a stimulant drug with intent to sell (K. S. A. 1975 Supp. 65-4127b [*b*] [2]). Defendant complains of errors in the admission of evidence and the failure of the judge at the preliminary hearing to disqualify himself.

The charges brought against defendant arose out of an undercover narcotics investigation conducted in the Manhattan, Kansas, area. The city of Manhattan lies in the southeast corner of Riley county and a portion extends into Pottawatomie county. During the period between December, 1973, and October, 1974, the state attorney general's office sent two narcotics agents, John Eckhart and Ray Simmons, to the Manhattan area. In the course of their in-

vestigation, the agents came in contact with defendant Solem and one Susan Wilkin. On October 2, 1974, while at a residence in Pottawatomie county, Solem allegedly sold to agent Simmons an unspecified quantity of an hallucinogenic drug. It was also alleged that defendant had possession of some amphetamine pills which he intended to sell. Defendant was arrested several days later in Pottawatomie county and charged with the sale of an hallucinogenic drug and possession with intent to sell a stimulant drug. At approximately the same time defendant was charged in Riley county with two felony drug counts arising out of an alleged offer to sell the agents some drugs at a Manhattan apartment on September 13, 1974. Susan Wilkin was also charged in Pottawatomie county on a felony drug count and in Riley county on a misdemeanor drug charge.

During the misdemeanor trial of Susan Wilkin in Riley county, agent Eckhart testified that he thought he had recorded telephone conversations between himself, Solem, and Ms. Wilkin. Upon learning of such information the Riley county court granted Ms. Wilkin's motion to dismiss the charge against her without prejudice since the state could not produce the recordings. The Riley county felony charge against defendant was likewise dismissed without prejudice for the same reason.

Prior to the date set for the preliminary hearing in the Pottawatomie county court on the charges brought against him in that county, defendant filed motions requesting copies of recordings taken by agents of the state and asking the county judge to step aside since he was not a lawyer. The county attorney responded by denying knowledge of any tape recordings and stating that no recordings were contemplated for use as evidence in the case. Defendant's motions were denied by the court and the preliminary hearing was held as scheduled. Trial was subsequently held in the Pottawatomie district court resulting in a jury verdict of guilty on each count. Following an unsuccessful motion for a new trial defendant perfected an appeal to this court.

The initial claim of error in defendant's statement of points is that it was a denial of due process to hold the preliminary examination before a nonlawyer judge. In view of our recent pronouncement in *State v. Boone*, 218 Kan. 482, 543 P. 2d 945, wherein we held that an accused's right to due process of law is not per se infringed because his preliminary examination is conducted by a

nonlawyer judge, defendant has abandoned his argument on this point.

Defendant, however, reasserts his contention made before the court below that he was denied due process since the county judge who conducted the preliminary examination had been a member of the county sheriff's office at the time of the alleged offense. He points out that several of the state's witnesses named in the original complaint were also members of the sheriff's office. Based on these facts defendant contends the county judge should have disqualified himself from conducting the preliminary examination.

The record discloses that no objection was made at the preliminary hearing on this ground. It was not until the hearing on the pretrial motion to dismiss that defendant first raised this issue. At that time, counsel for defendant informed the court that he did not know what part, if any, the county judge might have taken in the investigation of defendant's case, but he felt the judge should have disqualified himself because of the appearance of partiality. The trial court denied defendant's request to call the county judge as a witness at the hearing. The prosecuting attorney advised the court that while some of the Pottawatomie county sheriff's officers may have handled evidence or have taken persons into custody, none of the sheriff's officers were involved in the investigation and the "making" of the case against defendant. After hearing argument by both sides the trial court ruled that the county judge's former position with the sheriff's office was not ground for dismissal of the charges and overruled the motion.

It is a fundamental right of an accused to be tried before a judge in a fair, unbiased and impartial manner. (*State v. Bowser*, 155 Kan. 723, 129 P. 2d 268; *Tootle v. Berkley*, 60 Kan. 446, 56 Pac. 755.) Thus, it is held that one who acts in a judicial capacity is disqualified from hearing any matter concerning which he may be biased or prejudiced, or in which he may have an interest. (*Flannery v. Flannery*, 203 Kan. 239, 452 P. 2d 846.) In the absence of circumstances which of themselves would tend to cast doubt as to the fairness of whatever judgment might be pronounced, the question of bias or prejudice on the part of the court rests within the conscience of the court itself. (*State v. Greene*, 214 Kan. 78, 519 P. 2d 651.)

In the instant case we are not concerned with the impartiality of the trier of facts. Here, it is claimed the examining magistrate

was biased. The preliminary examination which a magistrate conducts is not considered a "trial" in the ordinary sense. Its purpose is not to determine innocence or guilt, but to determine whether an offense has been committed and whether there is probable cause for charging the accused with its commission. It is commonly held that where a defendant pleads guilty or goes to trial on the information, the subject of the preliminary examination is no longer material and the defendant cannot raise objection to the sufficiency of the preliminary examination after trial and conviction. (*State v. Ralls*, 216 Kan. 692, 533 P. 2d 1294; *Palmer v. State*, 199 Kan. 73, 427 P. 2d 492; *State v. McCarther*, 196 Kan. 665, 414 P. 2d 59; *Portis v. State*, 195 Kan. 313, 403 P. 2d 959; *State v. Young*, 194 Kan. 242, 398 P. 2d 584; *State v. Osburn*, 171 Kan. 330, 232 P. 2d 451.) In *McCarther*, the court said:

"The foregoing procedural rules are salutary and serve a legitimate state interest. [Citation omitted.] Their purpose is designed to promote definiteness, fairness, and orderly procedure of criminal litigation, and they present no federal question. [Citation omitted.] When a plea in abatement is timely filed and the state responds with a proper pleading, evidence is introduced upon the issue and if the plea is overruled the ruling thereon is not appealable until final disposition of the case in the district court. [Citation omitted.] However, the sufficiency of the evidence to sustain the order overruling the plea is reviewable upon appeal from the judgment of conviction. [Citation omitted.] Thus, the rule permits the defendant to orderly raise the question of lack of preliminary examination prior to going to trial, and also preserves the question for appellate review." (p. 672.)

In *State v. Bloomer*, 197 Kan. 668, 421 P. 2d 58, the defendant waived his preliminary hearing and was bound over for trial on charges of murder and felonious assault. After his arraignment defendant filed a plea in abatement alleging the county judge who conducted the preliminary examination was a nephew of one of the alleged victims and a member of the posse which searched for him. In ruling that the alleged irregularities in the preliminary hearing did not operate to nullify the subsequent conviction, the court said:

"We recognize that the right to a preliminary hearing (absent grand jury indictment or being a fugitive from justice) prior to being informed against in district court for felony is a positive right of an accused—the right not to be held in custody without probable cause. It appears, however, that if there is an irregularity in the holding of preliminary examination, or the waiver thereof, not amounting to complete abrogation of the right, the irregularity actually affects only the legality of the detention by the magistrate. Appellant does not tell us wherein he has been prejudiced by the waiver of the

preliminary hearing or in the handling of his case by the examining magistrate. At the hearing on the plea in abatement where such showing could have been made no facts were produced establishing prejudice and we are unable to perceive any in fact resulting. The irregularities do not appear to bear in any way upon the waiver and appellant does not so contend. Nor are we prepared to say they were of such nature as to vitiate the subsequent trial in district court. That trial was upon the information filed in the district court upon evidence duly adduced. After two convictions by a jury not now challenged for insufficiency of evidence appellant is hardly in a position to contend want of probable cause for detention to answer the charges or that he was prejudiced by his waiver of this procedural safeguard. Hence under all the circumstances we hold the alleged irregularities do not operate to nullify the subsequent judgment and sentence imposed in either of appellant's convictions." (p. 672.)

In like manner, we believe any irregularity in the conduct of the preliminary examination afforded defendant in the instant case is not sufficient cause for reversal. The mere fact the county magistrate served as a deputy sheriff at the time of the alleged offense, without a showing of some actual prejudice resulting therefrom, is not in itself reason for granting defendant a new trial. Especially is this true where, as here, the sufficiency of the evidence to support the conviction is not questioned.

We do not mean to detract from the fundamental right of every defendant to a preliminary examination, as stated in *State v. McCarther*, supra, but under the circumstances of this case we conclude defendant's allegation of possible bias on the part of the examining magistrate should not invalidate the judgment of the jury.

Defendant's third point on appeal relates to the admission of "other crimes" evidence under K. S. A. 60-455. Agent Simmons testified that on September 13, 1974, he, accompanied by Eckhart, went to the apartment of Susan Wilkin in Manhattan, and both defendant and Ms. Wilkin were present. Simmons further testified that in the course of their conversation, defendant asked him if he would like to buy some MDA. Defendant objected to the admission of this statement and requested a mistrial be declared. After colloquy between the court and counsel, the court overruled the motion for mistrial. The court failed to strike the testimony, admonish the jury to disregard it, or give a limiting instruction. We have concluded the evidence was admissible and that the trial court did not err. This result is justified by what we said in *State v. Martin*, 208 Kan. 950, 495 P. 2d 89. In *Martin* we stated that while evidence of an independent offense may be admissible

under K. S. A. 60-455, it may also possess evidential value to show commission of the offense itself and be admissible independent of the statute. It was pointed out that evidence which has a direct bearing on and relation to commission of an offense is admissible without a limiting instruction. Evidence which is otherwise relevant is not rendered inadmissible because it may disclose other or independent offenses.

In the instant case the record discloses continuing contacts related to drugs, between the agents of the attorney general's office and defendant. The statement attributed to defendant tended to prove those contacts existed and eventually led to the transaction which resulted in defendant's arrest. Defendant's prior offer to sell the drugs was relevant and material to his ultimate sale of drugs to the agent. As stated in *Martin,* the fact the questioned evidence related to a prior crime (offer to sell drugs, K. S. A. 1975 Supp. 65-4127b [*b*] [3]) does not prohibit its introduction to show commission of the offense charged.

Finally, defendant contends the charges against him should have been dismissed for failure of the prosecution to produce recordings taken of his telephone conversation. As previously stated, agent Eckhart testified at the Riley county trial of Ms. Wilkin that he "thought" he had recorded certain telephone conversations between himself and defendant. Following his testimony, agent Eckhart apparently left the state for parts unknown. When the state failed to produce the recordings the Riley county charges against defendant were subsequently dismissed. Charges were then brought against defendant in Pottawatomie county. Defendant once again filed a motion to inspect the alleged recordings. At that time the Pottawatomie county attorney advised the trial court that his office had no recordings of conversations involving defendant, nor did it know of the existence of any, and that it did not intend to call Eckhart as a witness. Later, during argument on defendant's motion to dismiss, the trial court ordered the county attorney to "make an affirmative inquiry" as to the existence of any documents or tapes. In compliance with the court's order, the county attorney requested from the Kansas Bureau of Investigation any and all information as to the whereabouts of agent Eckhart and the existence of any tape recordings made by him. The KBI replied that Eckhart was last known to be in Las Vegas, Nevada, and it knew of no taped conversations made by him. Satisfied the prosecution

had made a good faith effort to locate the tapes, the trial court overruled defendant's motion to dismiss.

We are not here presented with a case in which the prosecution deliberately or in bad faith refused to disclose exculpatory evidence. Defendant admits the county attorney made an effort to locate the agent and the alleged tapes. Also, we are not concerned with an alleged abuse of discretion on the part of the trial court for refusal to grant a motion for discovery under K. S. A. 22-3212. Although the trial court did not believe the unavailability of the tapes was ground for dismissal, it ordered the county attorney to take affirmative steps to locate any such evidence and disclose the findings to defendant.

The issue, as we view it, is whether under the circumstances of this case the failure of the prosecution to locate possible tapes which "might" contain some form of exculpatory evidence necessitates dismissal of the charges. We think not. K. S. A. 22-3212 (1) (a) grants the trial court discretion in permitting inspection of a defendant's recorded statements in the following terms:

"(1) Upon motion of a defendant the court may order the prosecuting attorney to permit the defendant to inspect and copy or photograph any relevant (a) written or recorded statements or confessions made by the defendant, or copies thereof, which are or have been in the possession, custody or control of the prosecution, the existence of which is known, or by the exercise of due diligence may become known, to the prosecuting attorney; . . ."

Under this section the prosecution cannot be charged with wrongdoing for failure to permit inspection of recordings not "in the possession, custody or control of the prosecution." (See, *United States v. Cotroni,* 527 F. 2d 708 [2d Cir. 1975].) Moreover, it is incumbent upon the accused to demonstrate the relevancy and materiality of the information sought. (*State v. Humphrey,* 217 Kan. 352, 537 P. 2d 155.) Defendant has failed in his burden in both respects.

After closely examining the record we are satisfied there is no evidence to indicate the alleged tapes contained exculpatory evidence other than the unsupported speculation of defendant. Defendant's counsel admitted he did not know what was on the taped conversations, but he argued it was possible there "may" be some evidence that would help defendant. Although counsel argued it might show entrapment or some other defense there was no attempt by defendant to raise this defense during trial, nor is there evidence in the record to support such a claim. This is not a

situation where the accused asserted affirmatively that the evidence sought would contain exculpatory evidence. Based on these circumstances, we cannot say the trial court erred in refusing to dismiss the charges.

No error appearing, the judgment of the trial court is affirmed.