(561 P.2d 877)
No. 48,389

STATE OF KANSAS, *Appellee*, v. WILLIAM L. MEYER, *Appellant.*

Opinion filed February 25, 1977.

*Brett Robinson* and *Joseph D. Johnson,* both of Topeka, for the appellant.

*Adrian M. Farver,* of Burlingame, *Curt T. Schneider,* attorney general, and *Gene M. Olander,* district attorney, for the appellee.

HARMAN, C.J.: William L. Meyer was convicted by a jury of the offenses of unlawful restraint and criminal damage to property. New trial was denied, he was sentenced and now appeals on the sole ground the trial judge should have disqualified himself from hearing the case.

The facts are not in dispute. The victim of the offenses engaged Adrian M. Farver, then a practicing attorney at Burlingame, to assist in prosecuting the charges. Subsequently and prior to trial, Mr. Farver was appointed executive director of the Governor's Committee on Criminal Administration (K.S.A. 74-6204). The committee consented that he might fulfill his pending professional commitments, both civil and criminal, which he did, including service in the case at bar.

At the time of appellant's trial in district court the trial judge was administrative judge of the third judicial district and represented it in seeking grants from GCCA for various projects. On the morning of the trial, immediately before the jury was impaneled, the following colloquy occurred:

"MR. KIRKENDOLL [Public Defender]: The second thing that I wish to bring up is that it has been pointed out to me, Your Honor, that there is a possible conflict of interest that is involved in this whole case, and it's really a very touchy area, but Mr. Farver is administering a large sum of money in his other capacity, some of which money the Court has asked for grants from that particular administration, and it has been an on-going grant administered by Mr. Farver at this time; and I am not suggesting that there has been anything improper about this, but at the same time I think that I would like a ruling from the Court as to whether or not any possible conflict exists in regard to this?

"MR. FARVER: I might advise the Court that certainly I do not have the power to make the decisions as to what grants are awarded and what are not. This is a matter of a committee who is composed of members appointed by five different appointing authorities, and I certainly have no vote on that committee.

"THE COURT: Yes, I know that you administer what they do and that that is the extent of it. I will overrule that, Mr. Kirkendoll."

After conviction appellant requested new trial on the sole ground the trial judge had failed to recuse himself. He now reasserts the point, saying " . . . the circumstances and conditions of his trial were such that it was impossible to preclude the doubt from clouding the fairness and impartiality guaranteed to any defendant by the Constitution of the United States." This bare statement is not elaborated or amplified in any way beyond that quoted and stated in the initial request for a ruling.

Appellant points to standards which provide:

"The trial judge should avoid impropriety and the appearance of impropriety
"

and

"The trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever he believes his impartiality can reasonably be questioned." (ABA Standards, The Function of the Trial Judge § 1.5 and § 1.7 [1968].)

These principles are not new to Kansas jurisprudence. In *In re Estate of Hupp*, 178 Kan. 672, 291 P. 2d 428, it was said:

" . . . Long ago in *Tootle v. Berkley*, 60 Kan. 446, 56 Pac. 755, we held:

" 'The purpose of the law is that no judge shall hear and determine a case in which he is not wholly free, disinterested, impartial, and independent.' (Syl. paragraph 1)

"Mindful of the fundamental concept from which it stems we are impelled to conclude the corollary of the rule just above stated is that when circumstances and conditions surrounding litigation are of such nature they might cast doubt and question as to the fairness or impartiality of any judgment the trial judge may

pronounce, such judge, even though he is not conscious of any bias or prejudice, should disqualify himself and permit the case in question to be tried before a judge pro tem.

"Moreover in view of the foregoing rules, as well as our statute, all must admit it is the duty of this court to maintain and safeguard the right of trial by a fair and impartial tribunal and to be vigilant in seeing to it that every possible semblance of reasonable doubt or suspicion on that question is removed and eliminated to the end that justice may be properly administered." (p. 676.)

In like vein the rules presently relating to judicial conduct in Kansas provide: "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned. . . ." (Canon 3 C. [1], 214 Kan. xcvi.)

Here no effort was made to comply with K.S.A. 20-311d., which prescribes a procedure for judicial disqualification, in that no affidavit was signed by appellant personally nor does it appear the application was timely made under K.S.A. 20-311f. However, where proper grounds exist a judge, with or without an affidavit for disqualification being filed, may on his own motion recuse himself (see *Hulme v. Woleslagel,* 208 Kan. 385, 493 P. 2d 541).

Was the situation here such that the judge's impartiality could reasonably be questioned? We think not. As stated, it appears the duties of the executive director of GCCA are wholly administrative, with all decisions respecting grants resting in the committee (K.S.A. 74-6203). An unrealistic, unsubstantial or illusive interest in the subject matter of an action or an inconsequential association with an attorney in a case has never been held to disqualify a judge, nor should it. Judges not infrequently sit in cases in which participating attorneys also hold other positions requiring contact with the judiciary. This of itself scarcely presents a situation where a judge's impartiality can reasonably be questioned because of interest in the subject matter of a particular case or bias or prejudice and that is true here.

The judgment is affirmed.