(583 P.2d 1033)
No. 49,048

State of Kansas, *Appellee*, v. Russell Lee Taylor, *Appellant*.

Opinion filed September 8, 1978.

*Michael D. Wilson*, of Wichita, for appellant.

*Robert Sandilos*, Assistant District Attorney, *Curt T. Schneider*, Attorney General, and *Vern Miller*, District Attorney, for appellee.

Before Abbott, P.J., Rees and Swinehart, JJ.

Rees, J.: Defendant appeals from his convictions on four counts of conspiracy (K.S.A. 21-3302), six counts of forgery (K.S.A. 21-3710[*b*]) and three counts of giving worthless checks (K.S.A. 21-3707).

Incorporated as part of the information were copies of nine checks which were the subject of the nine non-conspiracy counts. Defendant founds his contention of reversible error upon admission of testimony concerning numerous other "bad" checks and admission of 27 exhibits that were only some of these other checks.

Defendant argues the testimonial and documentary evidence concerning the checks other than the nine upon which the forgery and giving worthless check charges were brought was evidence of other crimes and inadmissible under K.S.A. 60-455. The State answers that the testimony and exhibits were admissible as proof of overt acts in furtherance of the alleged conspiracies.

Although we do not undertake to recite particular correlation, we note that conduct proving the allegations of certain of the non-conspiracy counts could have constituted proof of overt acts in furtherance of certain of the alleged conspiracies. Similarly and as defendant has implicitly argued, some if not all the checks that were the subject of the challenged testimony or that are said to have been erroneously admitted as exhibits could have been the subject of separate and individual charges of forgery or the giving of worthless checks.

The State argues that the contested evidence was relevant to prove overt acts in furtherance of the alleged conspiracies and was admissible even if not mentioned in the information. We agree.

Evidence otherwise relevant and admissible in a criminal action is not rendered inadmissible by K.S.A. 60-455 because it discloses other or independent offenses. *State v. Glazer,* 223 Kan. 351, 360, 574 P.2d 942 (1978); *State v. Solem,* 220 Kan. 471, 475-476, 552 P.2d 951 (1976); *State v. Calvert,* 211 Kan. 174, 181, 505 P.2d 1110 (1973); and *State v. Martin,* 208 Kan. 950, 952, 495 P.2d 89 (1972).

A trial court has broad discretion and great latitude in ruling on the admissibility of evidence of a conspiracy. *State v. Marshall & Brown-Sidorowicz,* 2 Kan. App. 2d 182, 205, 577 P.2d 803, rev. den. 224 Kan. _____ (June 15, 1978). It is not erroneous to admit and consider evidence inadmissible under one rule of evidence if such evidence is admissible under another. See *State v. Marshall & Brown-Sidorowicz,* supra, 199, 202-203.

In our consideration of this case we find *United States v. Adamo,* 534 F.2d 31, 37-38 (3rd Cir. 1976), *cert. den. sub nom. Kearney v. United States,* 429 U.S. 841, 50 L.Ed.2d 110, 97 S.Ct. 116 (1976), persuasive. There the defendant was involved in a fraudulent credit card scheme existing over a period of two years and involving more than twelve persons. Of the three counts with which defendant was charged and convicted, Count I alleged a conspiracy to commit mail fraud (18 U.S.C. § 371 [1970]). Without detailing the evidence objected to at trial, defendant's conviction was affirmed and in the opinion it was said:

"Kearney [defendant] next argues that the Government failed to prove any of the fourteen overt acts alleged under Count I, the conspiracy count, of the indictment and that such a deficiency in proof constitutes a fatal variance from the indictment. In the district court, the Government responded to this argument by asserting that, even assuming *arguendo* it had not proved any of the alleged overt acts, it had proved other overt acts in furtherance of the conspiracy. Proof of *any* overt act, it contended, is sufficient, regardless of its mention in the indictment.

. . . .

"There is general agreement that the Government is not limited in its proof at trial to those overt acts alleged in the indictment. *E.g., United States v. Quesada,* 512 F.2d 1043, 1046 (5th Cir. 1975), *U. S. appeal pending; United States v. Clay,* 495 F.2d 700, 706 (7th Cir.), *cert. denied,* 419 U.S. 937, 95 S.Ct. 207, 42 L.Ed.2d 164 (1974); *Napolitano v. United States,* 340 F.2d 313, 314 (1st Cir. 1965); *Marcus v. United States,* 20 F.2d 454, 456 (3rd Cir. 1927). Moreover, the Government is under no obligation to prove every overt act alleged. *United States v. Williams,* 474 F.2d 1047 (5th Cir. 1973); *United States v. Fellabaum,* 408 F.2d 220, 223 (7th Cir.), *cert. denied sub nom. Pyne v. United States,* 396 U.S. 818, 90 S.Ct. 55, 24 L.Ed.2d 69 (1969)." *United States v. Adamo,* supra, pp. 37-38.

Also see *United States v. Pugh,* 437 F. Supp. 944, 946 (E.D. Pa. 1977).

Although we have found no Kansas case specifically holding that upon trial for conspiracy the State is not limited in its proof to those overt acts alleged in the information, such a view would be consistent with Kansas law. Relevant evidence is "evidence having any tendency in reason to prove any material fact." K.S.A. 60-401(*b*); *State v. Nemechek,* 223 Kan. 766, 769, 576 P.2d 682 (1978). It cannot be denied that evidence of any overt act in furtherance of an alleged conspiracy is relevant. The determination of relevance is within the discretion of the trial court. *State v. Beard,* 220 Kan. 580, 584, 552 P.2d 900 (1976); and *Manley v. Rings,* 222 Kan. 258, 261, 564 P.2d 482 (1977). We find no abuse of discretion and hold that in its proof of conspiracy, the State is not limited to the overt acts alleged in the information.

Defendant also argues in passing, without citation of authority or material briefing, that the sheer number of checks involved in the challenged evidence was so voluminous as to be prejudicial. The State has not responded to this argument in its brief.

We are satisfied the State could have well and successfully tried the conspiracy charges as alleged without reference to so many specific checks. However, we decline to find in this case that a "so voluminous as to be prejudicial" line was crossed because of the failure of the parties to sufficiently present the issue on appeal.

Affirmed.